Mr. Justice DAVIS
delivered the opinion of the court.
Thompson brought suit in the court below to recover on three promissory notes, purporting to be given on the first day of January, 1857, by Bowie to Steer, and indorsed to him. Bowie sought to avoid their payment on the ground that they were founded on a gam'ing consideration, and therefore void, even in the hands of an indorsee, without notice, because the statute of 9th Anne, avoiding gambling contracts, was in force in the District of Columbia, where they were executed. There was no direct evidence offered on the trial to impeach the consideration of the notes; but what is called circumstantial evidence, in contradistinction to direct evidence, was relied on to prove the defence. A brother of the defendant was called by him, and allowed to testify; that whenever his brother was under the influence of liquor, he had a ■propensity to gamble, and it is contended, as he was drunk on the morning the notes were given, and as they were in the handwriting of a professional gambler, and payable to the keeper of a gaming-house, the inference *471 is fair and reasonable, that they were given for money won at play.
Did the court err in admitting this evidence ?
If it did err in this matter, then the judgment must be reversed, for, undoubtedly, the jury, in the formation of their verdict, must have been greatly influenced by testimony that the general character or habit of Bowie was to gamble when intoxicated.
All evidence must have relevancy to the question in issue, and tend to prove it. If not a link in the chain of proof, it is not properly receivable. Ooukl the habit of Bowie to gamble, when drunk, legally tend to prove that he did gamble on the day the notes were executed ? The general, character and habits of Bowie, were not fit subjects of inquiry in this suit for any purpose. The rules of law do not require the plaintiff to be prepared with proofs to meet such evidence. That Bowie gambled at other times, when in liquor, was surely no legal proof that because he was in liquor on the 1st day of January, 1857, he gambled with,Steer. It is very rare that in civil suits the character of the .party is admissible in evidence, and it is never permitted, unless the nature of the action involves or directly affects the general character of the party.* Bowie was not charged with fraud, or with any action involving moral turpitude. He was simply endeavoring to. show that his own negotiable paper was given for money lost at play; and to allow him, as tending to prove this, to give in evidence his habit to gamble when drunk, would overturn all the rules established for the investigation of truth. "When trying a prisoner on an indictment, for a particular crime, proof that he has a general disposition to commit the crime is never permitted.† D’ a man charged with the larceny of a horse was proved — in connection with other evidence tending to show his guilt— to be drunk on the day the horse was stolen, would any court allow the general evidence to go to the jury that, *472 when drunk, he always stole a horse ? And yet, the general rules of evidence are the same in civil as in criminal cases. “ There is no difference,” says Abbott, Justice,* “as to the rules of evidence between criminal and civil cases; what may be received in the one may be received in the other, and what is rejected in the one ought to be rejected in the other.”
The uniform habit of a party to loan money at usurious interest, was not considered by the Supreme Court of New York a legal foundation for a verdict establishing usury, although one usurious loan had been proved between the parties to the suit, and it was altogether probable, that the case under review was of that description.† The uniform habit of Bowie, when drunk, to gamble is not a legal foundation for this verdict, although it is highly probable that the notes in controversy were executed by him for a gaming consideration.
There are other assignments of error, which it is unnecessary to notice, as the decision of this question disposes of the case.
The judgment of the court below is reversed, and mandate ordered, with instructions to award a
Veniee de novo.

 1 Greonleaf’s Ev., \ 544.

 1 Phillips on Evidence, p. 143; The State v. Field, 14 Maine, 249.

 Rex v. Watson, 2 Starkie, 155; Regina v. Murphy, 8 Carrington and Payne, 306.

 Jackson ex dem Norris v. Smith, 7 Cowen, 719.