## Staunton.

### TRIPLETT v. GOFF'S ADMINISTRATOR.

#### OCTOBER 6th, 1887.

1. PERSONAL REPRESENTATIVES—*Commissioner.*—In action by adminis-
   trator of commissioner on bonds taken for price of lands sold by him,
   it is allowable to state in the declaration that it is for use of his
   successor, and defendant may have rule on the latter to avow and
   prosecute, or disavow and dismiss action. *Clarksons* v. *Doddridge*,
   14 Gratt. 42.
2. IDEM—*Evidence—Habits.*—In action against surety on a bond, evidence
   of his habits as respects becoming surety for persons is inadmissible.
   *Bank* v. *Stewart*, 114 U. S. 224.
3. IDEM—*Res inter alios acta—Irrelevant.*—Evidence of acts and conversa-
   tions of third parties is irrelevant and inadmissible to show that de-
   fendant was fraudulently induced by them to execute the bond sued
   on, unless plaintiff is shown to have participated in the fraud. Rele-
   vancy must always be shown by him offering the evidence.

Error to judgment of circuit court of Frederick county,
rendered at its November term, 1886, in an action at law
wherein Charles B. Hancock, administrator of David Goff,
deceased, is plaintiff, and M. J. Triplett is defendant. The
judgment being adverse to defendant, he obtained a writ
of error and *supersedeas.* Opinion states the case.

*Holmes Conrad,* for the plaintiff in error.

*W. L. Clark* and *Barton & Boyd,* for the defendant in error.

FAUNTLEROY, J., delivered the opinion of the court.

This action is debt upon a bond given for a deferred

payment of the purchase-money of a tract of land situated in Randolph county, West Virginia, which was sold under a decree of the circuit court of that court by its special commissioner. The bond is signed by the purchaser, J. W. Haywood, and his surety, M. J. Triplett, and is payable to David Goff, commissioner in the cause of Richard W. Barton's heirs, etc., for $1,016⅔, two years after date, with interest from date, and it is dated August 20, 1868. J. W. Haywood is dead, and the suit is against his surety, M. J. Triplett, who is a resident and citizen of Frederick county, Virginia, as both he and the said J. W. Haywood were at the time of the execution of the said bond. David Goff is dead, and the suit is in the name of his personal representative in this State, Charles B. Hancock, administrator, who, being only a nominal plaintiff, the suit is marked on the face of the declaration as being for the use of Claude Goff, special commissioner. Judgment was recovered against the defendant in the court below, upon demurrer by the plaintiff to the defendant's evidence, and the case is before this court by writ of error to that judgment.

The defendant craved oyer of the obligation sued upon, and demurred to the declaration, which demurrer the court overruled; and this action of the court is the first error assigned in the petition. The declaration states the suit is for the "use of Claude Goff, commissioner, appointed by decree in the suit of *McIntosh* v. *R. W. Barton's Adm'r*, in the circuit court of Randolph county, West Virginia, and who, by decree in the said suit, is authorized to collect this money." These averments in the declaration are sufficient to sustain the action (High. on Receivers, § 233), and the suit is in accordance with the ruling of this court in the case of *Clarkson* v. *Doddridge*, 14 Gratt. 42. See also 4 Minor's Inst. 369, 402; 2 Rob. Pr. 3; 2 Tuck. Comm. 205. The suggestion in the brief of appellant's counsel, that a

receiver has no extraterritorial jurisdiction, is inapplicable here, even if this were a suit by a receiver instead of by a special commissioner duly appointed and authorized to collect the money evidenced by the bond sued on. High. on Receivers, § 243, says: "Where a citizen of one State has recognized the appointment of a receiver in another State, by incurring obligations to him in his official capacity sufficient to create a right of action, there would seem to be no satisfactory reason, either upon principle or authority, why the receiver should nôt be allowed to maintain his action in the State where the citizen resides." The demurrer to the declaration was properly overruled.

The first bill of exceptions certifies that the defendant propounded to a witness called by him the following question: "State, if you know, what the habits of business of M. J. Triplett are and have been for the last twenty years as to becoming surety for persons"; to which question the plaintiff objected as being irrelevant to the issues joined in the cause, and the court sustained the objection and excluded the question; which ruling of the court is assigned as error. We think the question was properly excluded by the court. The evidence of the execution of the bond by the defendant is direct, positive, and unqualified, viz., that of the subscribing witness, who saw the defendant, M. J. Triplett, make his mark to the bond sued on, and who signed his name on the paper as it now is in the record, as "a witness, at their request," and who was called in for the purpose at the time; and the defendant's special plea admits that he did sign the bond. "Evidence of habit is inadmissible for the purpose of showing that a particular person did or did not do a particular thing." Whart. Ev. § 1287. "Evidence of the habit of the maker of a note to gamble when drunk is not admissible to show that such note was given for money lost at play." *Thompson* v. *Bowie*, 4 Wall. 463. In delivering the opinion of the

court in *Thompson* v. *Bowie, supra,* Justice Davis said: "The general character and habits of Bowie are not fit subjects of inquiry in this suit for any purpose. The rules of law do not require the plaintiff to be prepared with proofs to meet such evidence, and it is never permitted unless the nature of the action involves or directly affects the general character of the party. 1 Greenl. Ev. § 54. Bowie was not charged with fraud, or with any action involving moral turpitude. He was simply endeavoring to show that his own negotiable paper was given for money lost at play; and to allow him, as tending to prove this, to give in evidence his habit to gamble when drunk, would overthrow all the rules established for the investigation of truth." "The general character or habits of a usurer is not a foundation for presuming usury in a particular transaction." *Jackson* v. *Smith,* 7 Cow. 717. The law upon this subject is thoroughly reviewed by Justice Woods, in the opinion of the court in the case of *Bank* v. *Stewart,* 114 U. S. 224.

The court also excluded the second question propounded by the defendant to the same witness, as follows: "State if you know of any business transactions between John K. Triplett and J. W. Haywood in regard to an exchange of land formerly belonging to Richard W. Barton's estate"; and this exclusion by the court is assigned as error. We think that the question was properly excluded. John K. Triplett is not a party to the cause, and there is no evidence in any way connecting him with the controversy involved in it, or with either the plaintiff or the defendant to it. The record shows nothing to make the question relevant, nor even a suggestion from the counsel propounding the question that he would connect John K. Triplett with the execution of the bond, or with the transaction in anywise, but, so far as the record shows, it was an inquiry into a transaction (if any such there ever was) between John K.

Triplett and J. W. Haywood in regard to an exchange of land, with which neither the plaintiff nor the defendant is shown to have had any connection, knowledge, or concern whatever. In *Carpenter* v. *Utz*, 4 Gratt. 270 (the syllabus of the case): "Upon an appeal for error in excluding evidence, it is incumbent upon the party seeking to reverse the judgment to show that error has been committed, and this must appear from a statement of the evidence offered and excluded; or, if its relevancy depends upon other facts in the cause, the party alleging the error should present such a case on the record as shows the relevancy of the evidence rejected." "Testimony which does not appear, of itself or upon the facts stated in the record, to have been relevant, will be held in the appellate court to have been properly excluded." See also *Life Association* v. *Teewalt*, 79 Va. 421. There is nothing in this record to show the relevancy of testimony as to the acts and sayings of John K. Triplett with J. W. Haywood in regard to an exchange of lands, in the suit of David Goff, the obligee in a bond of M. J. Triplett, against the said obligor, M. J. Triplett, to enforce the collection of the bond. Unless David Goff, special commissioner of the court, the obligee in the bond, is proven to have participated in the alleged fraud alleged to have been practiced by J. W. Haywood and John K. Triplett to deceive the defendant, M. J. Triplett, evidence of the acts and conversations of J. W. Haywood and John K. Triplett would be inadmissible as evidence against him in this suit against M. J. Triplett, upon his bond; and of this there is no pretense in the pleading, in the evidence, or in the brief of appellant's counsel.

It is insisted that the court erred in giving judgment for the plaintiff on his demurrer to the evidence. This involves the merits of the case. The plea of the defendant is in the form of a special plea of *non est factum*, admitting that he did execute the bond, but alleging that

he is an unlettered man, unable to read or write, and that he was deceived and made to believe that he was signing a paper which was represented to him to be the will of his brother, John K. Triplett. Upon this trial the plaintiff produced the bond signed by J. W. Haywood and M. J. Triplett (the latter by "his mark"), and attested by Meredith Forney, who, being introduced as a witness, testified that "on the twentieth day of August, 1868, he was sent for to witness a paper; that he went to J. W. Haywood's place of business in Winchester, which was a saloon and restaurant, and there, at the request of J. W. Haywood or M. J. Triplett, or both, he signed his name to the paper as it now appears as a witness at their request; that from the conversation between J. W. Haywood and M. J. Triplett he would have understood that the paper was a note relating to R. W. Barton's estate." A copy of the record of the chancery cause in the circuit court of Randolph county, West Va., of *McIntosh* v. *R. W. Barton's Adm'or and als.,* and the deposition of Claude Goff, were introduced in evidence by the plaintiff. The defendant's evidence is that the defendant could not read or write; that he had never had a day's schooling; that a witness, Anderson, had known the defendant all his life; that he was frequently in town with him in 1868; that the witness did not know of any intimacy between the defendant and Haywood; that Triplett was at Grim's tavern in Winchester once a week in 1868; that he was hauling lumber, and that he sometimes left his lumber at Grim's for him to sell; that Grim's tavern was one hundred and fifty yards from Haywood's restaurant; that witness Coe had known Triplett for a long time, and that he (Coe) did not know of any intimacy between him and Haywood; that when Triplett came to Grim's tavern he used to go from there to Haywood's restaurant; that Triplett used to bring papers to a Mr. Cartmell for him to examine for him; that he used to

talk to Mr. Cartmell about his lumber business; that Triplett was a temperate and a sober man, and was prudent and cautious in business. This is all the defendant's evidence. Admitting it all, and all reasonable inferences to be drawn from it, there is no conflict between it and the plaintiff's evidence; and there is nothing in the facts thus admitted, collectively or separately, inconsistent with the execution of the bond by the defendant, or which even tends to prove that he was deceived and imposed on as to the character of the paper which he signed, and made to believe that he was merely witnessing a will.

The record evidence of the chancery court of Randolph county, West Virginia, in the case in that court, shows the full authority of Claude Goff as special commissioner to collect the bond.

We find no error in the judgment of the court below, either in its rulings upon the pleadings and evidence or upon the merits of the case, and it is therefore affirmed.

JUDGMENT AFFIRMED.