JAMES MARKEY *vs.* GEORGE W. ANGELL *et al.*

PROVIDENCE—JANUARY 12, 1901.

PRESENT : Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Evidence. Assault and Battery.*

In an action of trespass for assault and battery evidence as to the peaceable character of the defendant is inadmissible.

(2) *New Trial. Bill of Exceptions.*

When an application is brought in the Appellate Division in the form of a bill of exceptions to review rulings of the Common Pleas Division, it will be treated as an application for a new trial and cognizance taken of it as such, since a bill of exceptions lies only from a District Court.

TRESPASS for assault and battery. The facts appear in the opinion. Heard on petition of plaintiff for a new trial, and new trial granted.

(1)     PER CURIAM. In the trial of this case, which is an action of trespass for assault and battery, evidence was introduced, against the objection of the plaintiff, that the defendants were men of peaceable character. Having duly excepted to the admission of this evidence, the plaintiff now, after verdict for the defendants, prays for a new trial upon the ground that this ruling is erroneous.

The almost universal weight of authority sustains this contention. Greenleaf on Evidence, 16 ed. appendix II, § 55 ; Rice on Evidence, vol. 2, p. 1370, § 2053. Also *Thompson v. Bowie,* 71 U. S. 463 ; Am. Dig. Cent. ed. vol. 4, p. 926, § 42, and cases cited ; *Lander* v. *Seaver,* 32 Vt. 114. This latter case is relied on by the defendants in support of the admissibility of the evidence, but in the case itself it was held that evidence of general good character in a civil action for assault is not admissible. Remarks of the court which the defendants quote in support of their contention are mere *dicta* and relate to an entirely different matter. In that case the defendant was a schoolmaster, and the suit was brought for excessive punishment. Granting the right of a schoolmaster to punish scholars, the claim was made that the punishment in this case was excessive and malicious. The court

held that the question in the case was whether the punish-ment inflicted by the master was excessive, not whether it was inflicted from malice ; and that in cases where the existence of malicious motive is the issue, evidence of character might be admissible.

(2)    The petitioner's application, though in the form of a bill of exceptions and treated as such by him, is cognizable by this division only as a petition for a new trial, since a bill of exceptions to this division only lies, under our present statute, from a District Court and not from the Common Pleas Division, which is a branch of this court ; and hence we are called upon, treating this application as a petition for a new trial, to look into the evidence to ascertain whether the error was harmful.

An examination of the evidence does not convince us that the admission of this improper evidence might not have been prejudicial to the plaintiff in this case. A new trial must, therefore, be granted.

*E. D. Bassett*, for plaintiff.

*Cooke & Angell*, for defendants.