## CHITWOOD v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. April 27, 1907.)

No. 2,455.

1. CRIMINAL LAW—EVIDENCE—CORROBORATIVE FACTS.

On the trial of a defendant charged, under Rev. St. § 5467 [U. S. Comp. St. 1901, p. 3691], as a post-office clerk with having secreted and embezzled letters containing articles of value, and stealing such articles from letters, the government produced witnesses who testified that they saw defendant open a letter and take therefrom an article of value, which he placed in a pigeonhole. Defendant in his own behalf testified that the letter referred to was open when received, and that the article which he placed in the pigeonhole he found lying loose on his table when assorting mail, and laid it away for proper disposition. *Held*, that he was entitled to show by other employés that the mails at the office had been very heavy for some time prior to this occurrence, and that many letters and packages came in bad condition, with the edges worn and broken, so that articles could readily fall out, as evidence tending to support his defense; its weight being for the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §§ 802, 1713.]

2. SAME—EVIDENCE OF INTENT—COMMISSION OF OTHER SIMILAR OFFENSES.

On the trial of a post-office clerk charged with secreting and embezzling letters containing articles of value and stealing the contents, the government was entitled to prove a statement made by defendant a short time previously that he had destroyed a number of election circulars, a quantity of which had come into the office for distribution, as evidence tending to show the commission of an offense of similar character to those charged and bearing on the question of intent. Sanborn, Circuit Judge, dissenting.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, § 830.]

In Error to the District Court of the United States for the Eastern District of Arkansas.

Geo. W. Murphy (Charles T. Coleman and W. M. Lewis, on the brief), for plaintiff in error.

William G. Whipple, for defendant in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

ADAMS, Circuit Judge. Defendant Chitwood, a clerk in the post office at Hot Springs, Ark., was indicted under section 5467 of the Revised Statutes [U. S. Comp. St. 1901, p. 3691] in seven counts: (1) For secreting and embezzling a letter containing a watch fob; (2) for stealing and taking the watch fob out of a letter; (3) for stealing and taking a $10 bill out of a letter; (4) for stealing and taking a $5 bill out of a letter; (5) for stealing and taking another $5 bill out of a letter; (6) for secreting and embezzling a letter containing a post-office money order; (7) for secreting and embezzling a package containing a lady's belt. He was tried and found guilty on the first count and not guilty on the others. He now prosecutes this writ of error to secure a reversal of the judgment.

There was evidence on the part of the government tending to show that while he was engaged in discharging his duties as clerk in the

evening of March 9, 1906, a letter came into his possession as such clerk to be forwarded and delivered to one Abe Levy, to whom it was addressed; that Chitwood cut it open, took a watch fob from it, threw the envelope down and took the fob and placed it in an empty pigeonhole. The inspectors, who were watching at a distance, observing the foregoing facts, arrested him before he left the post-office building. The defendant taking the stand in his own behalf contradicted the evidence of the inspectors, and testified that he found the fob loose on his table while he was assorting mail; that he picked it up and put it in a pigeonhole, intending, if he did not find the package from which it came, to turn it over in the morning to the proper clerk for disposition; that the letter addressed to Levy was open when it came into the post office, and that the defendant did not open it. In support of his testimony to the effect just stated, defendant called three witnesses, clerks and former clerks in the Hot Springs post office, and asked them, in substance, if it had not been, for two months prior to the night in question, a common and usual thing for letters and packages to be received at that post office in bad condition, with edges so broken and worn out that trinkets or other enclosures might fall out; and he offered to show that for those two months the incoming mails had been heavy and that letters and small packages had been frequently found unsealed, torn, and broken open, as circumstances tending to support his theory of the facts and his innocence. The questions so asked and the offers to prove so made were objected to by the government, the objections sustained by the court, to which the defendant duly excepted.

We think it was error to exclude that evidence. The defendant was standing on his plea of not guilty, and the burden was on the government to establish his guilt. It produced witnesses who testified directly to seeing the defendant do things consistent only with guilt. The value of their testimony depended upon the accuracy of their observations, the reliability of their memory in describing what they saw, and the credibility due them as witnesses. Defendant denied doing what they swore they had seen him do. A sharp and vital issue was thus presented for the consideration of the jury. We think, if it were true that immediately preceding and up to the time in question it had been and was a common practice in that post office for mail to come into the office in bad condition and with ends and edges so broken or worn out that solid substances might readily fall from them, such fact would be a circumstance tending to support defendant's theory. Its value might not be great as against the other direct and positive testimony with which the trial court compared it and on account of which rejected it; but that was for the jury, and not for the court, to decide. The defendant had an undoubted right to buttress his own testimony by any and all circumstances and facts fairly tending to support it, and we think the facts offered to be proved by him were admissible for that purpose. For the error in excluding that evidence, the judgment must be reversed.

As one of defendant's contentions has been earnestly debated before us and probably will be the occasion of controversy at the next trial, we deem it proper to express our opinion concerning it. Witness Reaves

was permitted to testify for the government, over defendant's objection and exception, that defendant shortly before he was arrested told him that he had recently burned up and destroyed a lot of circulars that came into the post office from Little Rock. We think there was no error in admitting that evidence. The crimes charged in the various counts of the indictment against the defendant involved the existence of an unlawful and criminal intention, a well-known element of the crimes of embezzlement and larceny. Section 5467 makes the destruction of a letter or packet by a post-office employé as much of an offense as its embezzlement. Section 5471 makes the destruction of any mail or package of newspapers as much an offense as an embezzlement of the same. Reference is made to these sections of the statutes to show that destruction of the mail is classified with its embezzlement or larceny, not only as a kindred offense, but as one of the same rank and one subjecting the offenders to the same punishment.

Moreover, the several counts of the indictment under consideration at the time the evidence in question was offered, charging the defendant with secreting letters and packages of mail, charged an offense kindred to that of destroying mail. It is familiar law that in cases both civil and criminal where the intent of a party is in issue evidence of other acts and doings of that party at or about the time in question of a kindred character is admissible to demonstrate the motive and intent which actuated him in doing the act or thing charged against him in the case. Exchange Bank v. Moss (C. C. A.) 149 Fed. 340; Wood v. United States, 16 Pet. 342, 360, 10 L. Ed. 987; Coffin v. United States, 162 U. S. 664, 672, 16 Sup. Ct. 943, 40 L. Ed. 1109, and cases cited. In an honest and legitimate investigation of that intent a reasonably wide latitude should be indulged by the trial judge, and his discretion, when fairly and unprejudicially exercised, should not be interfered with by appellate courts. Moore v. United States, 150 U. S. 57, 61, 14 Sup. Ct. 26, 37 L. Ed. 996; Dow v. United States, 27 C. C. A. 140, 82 Fed. 904, 909. The destruction of the circulars, if done by the defendant, was in the legal sense a conversion of them by him. The secreting or stealing of mail, if done by him, was likewise a conversion of it. The acts are not only kindred in their nature, but very obviously may spring from a like motive and intent. The evidence in question was properly admitted, not as evidence of a distinct offense in itself, but as bearing on the disposition and intention of the defendant in doing whatever he did do.

Other errors are assigned by defendant, but those already considered are the ones chiefly relied upon by his counsel for a reversal of the judgment. As the case must be remanded for another trial, we deem it unnecessary at the present time to express our opinion upon any other questions. We may properly assume that with the foregoing directions it will be correctly tried.

The judgment must be reversed for the error in excluding the evidence referred to in the fore part of this opinion, and it is so ordered.

SANBORN, Circuit Judge (concurring). I concur in the result in this case, but am of the opinion that it was error to receive in evidence the testimony relative to the burning of the election circulars

by the defendant. The reason for the rule that the commission by the defendant of other offenses of like character to that upon trial is admissible is that it has a tendency to prove the intent to commit the latter. If the former offenses are not like the latter, their commission has no such tendency. The commission of the offense of arson would not tend to prove an intent to commit murder. The offense charged was the secretion and embezzlement by the defendant of an article of the alleged value of $2.25 under section 5467, Rev. St., and the penalty was imprisonment at hard labor for not less than one year nor more than five years. While the destruction of such an article of value is also denounced by this section under the same penalty, the secretion, embezzlement, or destruction of circulars, papers, or letters which contain no article of value of the nature specifically described in this section is not punishable thereunder, and the destruction of circulars is not punishable under section 5471. That section denounces the destruction of newspapers only, and the penalty is imprisonment at hard labor for no more than three months.

The criminal intent requisite to the commission of the offense in this case was the intent of the defendant to secrete and convert to his own use a valuable article, the intent to secure pecuniary benefit to himself. The evidence challenged was that the defendant after working his time was unable to handle all the election circulars sent through the mail, and he burned some of them. If this be an offense, it is not denounced by either of the sections of the statutes mentioned, and it is not of a like nature or character to that of secretly taking and appropriating the property of another to one's own use. Its commission neither requires nor evidences any intent to steal or to convert to one's use anything of value or to derive any pecuniary benefit from the act. It evidences nothing but the purpose to avoid performing a duty assigned. As the reason of the rule which permits proof of similar offenses fails here, it seems to me that the rule is inapplicable.