## HOWARD v. CAPITAL TRANSIT CO.

### Civ. A. No. 3293–48.

United States District Court
District of Columbia.

May 17, 1951.

James F. Reilly, Eugene B. Sullivan, Washington, D. C., for plaintiff.

George D. Horning, Jr., Washington, D. C., for defendant.

PINE, Judge.

Edward T. Howard was run over by a bus operated by defendant, and died almost instantly, without regaining consciousness. Plaintiff, as administratrix of his estate, sued for damages, claiming his death was caused by wrongful act of defendant. Sec. 16–1201, D.C.Code 1940. The jury returned a verdict for plaintiff.

Defendant has moved for judgment n. o. v., or, in the alternative, for a new trial under Rule 50(b), Fed.Rules Civ.Proc. 28 U.S.C.A. In its combined motion it sets forth as grounds therefor the alleged insufficiency of the evidence to support the verdict and the improper admission of evidence.

■ In considering a motion for judgment n. o. v., the Court must construe the evidence most favorably to the plaintiff and give the plaintiff the full effect of every legitimate inference therefrom. If, upon the evidence so construed, reasonable men might differ, the motion should be denied. On the other hand, if no reasonable man could reach a verdict in favor of the plaintiff, the motion should be granted.[1]

The three essential elements of plaintiff's claim as submitted to the jury were: (1) that decedent was a paid passenger; (2) that defendant was negligent in that its driver started the bus before decedent had safely alighted from the rear door thereof; and (3) that such negligence proximately caused decedent's clothes or some portion of his body to be caught within the doors of the bus and decedent to be dragged or thrown under the bus.

■ Upon consideration of the testimony of the witness Gates in respect of what she saw before and after alighting from the bus, and the testimony of the witnesses in respect of decedent's clothing, the possession by him of a weekly pass purchased for use on defendant's buses, the time he left his place of employment and his activities immediately thereafter, the time he met his death, and the time required to travel by bus from the place of his employment to the place of death, I reach the conclusion that, under the standard above set forth, there is not such an insufficiency of evidence on any of the three elements of plaintiff's claim as would justify the granting of the motion for judgment n. o. v., and accordingly the same is denied.

■ During the trial there was admitted evidence of defendant's schedules of its buses on the night in question on routes from a point near decedent's place of employment to a point near his home, and evidence that decedent possessed the weekly pass. This evidence was admitted as circumstantial evidence having probative value respecting one of the issues, namely whether defendant was a passenger on the bus. In view of the fact that decedent's lips were sealed and there were no witnesses who could positively identify him as having been a passenger, this evidence was logically relevant and material, and I am aware of no exclusionary rule requiring its rejection. Assuming, arguendo, that this and other evidence had the effect of showing the habit or custom of deceased in using defendant's buses to return home from his place of employment, there is convincing authority for its admissibility for such purposes,[2] and I am of the opinion that it was not error to admit it, as claimed by defendant in its motion.

Finally, as I view the case in its entirety, the verdict is not so contrary to the clear

1. Shewmaker v. Capital Transit Co., 79 U.S.App.D.C. 102, 143 F.2d 142; Jackson v. Capital Transit Co., 69 App.D.C. 147, 99 F.2d 380.

2. Barbour v. Moore, 10 App.D.C. 30, 53; Commercial Standard Insurance Co. v. Gordon's Transports, 6 Cir., 154 F.2d 390, 394; Security Mutual Life Insurance Co. v. Kleutsch, 8 Cir., 169 F. 104, 105; Chitwood v. U. S., 8 Cir., 153 F. 551, 552; 1 Wigmore, Evidence, Sec. 92, 93, note 1, 375 et seq. Thompson v. Bowie, 4 Wall. 463, 71 U.S. 463, 18 L. Ed. 423, Id., 6 D.C. 91, an earlier case, criticized in Wigmore, Evidence, Sec. 96, note 1, is distinguishable. Small v. Pennsylvania R. Co., 65 App.D.C. 112, 115, 80 F.2d 704, is likewise distinguishable in that it applies to the inadmissibilty of prior acts on the issue of negligence. Compare District of Columbia v. Duryee, 29 App.D.C. 327, 330.

580

weight of the evidence as to justify a new trial. The only eyewitness to the accident itself was the witness Gates, who testified that she saw "a man caught in the door of the bus," as it started to move, and gave further elaboration thereon. On this point defendant places its reliance on the testimony that the doors were not shown to be in a state of disrepair, and claims that, absent such a condition, the accident could not have happened as alleged. In other words, defendant claims that the mechanical devices were infallible, assuming good repair. However, a demonstration of the operation of the doors of the bus during the trial, on motion of defendant over opposition by plaintiff, disclosed that certain parts of the rubber edges were less sensitive than others, that the rubber edges could be subjected to considerable lateral pressure before the mechanism was activated, and that when the air pressure was lowered as the result of continued use, the doors would not operate properly.

Accordingly the motion for new trial will likewise be denied.

Counsel will submit appropriate order.