## DANIEL FRASER *v.* SILAS TUPPER.

### *Evidence.*

In an action for improperly setting fires to brush on the defendant's land, whereby they were communicated to the land of the plaintiff, the opinions of the witnesses who were present, and who testify as to the position of the fires, and the force and direction of the wind, as to the suitableness of the day for setting such fires, are not admissible.

ACTION ON THE CASE for so negligently setting fires upon the defendant's land, for the purpose of clearing the same, that thereby the plaintiff's coal upon his land, adjoining that of the defendant's, was burned. Plea, the general issue; trial by jury, December Term, 1856,— UNDERWOOD, J., presiding.

The plaintiff gave evidence tending to prove that the defendant had cleared and burned a piece of land adjoining the plaintiff's, and that afterwards the defendant set fire to piles of brush upon his land for the purpose of clearing the same, and that the day was windy, the wind blowing from the north-west, in a direction from the fires towards a coal bin which the plaintiff had on his land, and that thereby the coal bin caught fire and was burned.

The defendant gave evidence tending to prove that there was but little wind blowing that day, and that he managed his fires with ordinary care; and among other evidence the defendant offered to prove by farmers, who were acquainted with the clearing of land by burning the same, and who were upon the land the day the fires were set, and who described to the jury, *as well as they could, the position of the fires, and the force and direction of the wind, that in their opinion it was a suitable and proper and safe day for setting the piles on fire with reference to the position of the piles in respect to the plaintiff's coal, and the force and direction of the wind.* To this evidence ·the plaintiff objected, and it was excluded by the court, and to its exclusion the defendant excepted. The jury returned a verdict for the plaintiff.

*Washburn & Marsh*, for the defendant.

A witness may give his opinion in evidence in connection with the. facts upon which it is founded, and as derived from them; BENNETT, J., in *Morse* v. *Crawford*, 17 Vt. 502 ; *Hard* v. *Brown*, 18 Vt. 97.

In *Lester* v. *Pittsford,* 7 Vt. 161, Phelps, J., lays down this general rule, that " the  testimony of opinion may be given where, from the general and indefinite nature of the  inquiry it is not susceptible of  direct proof," and this opinion is cited with approbation by Royce, J., in *Clifford* v. *Richardson,* 18 Vt. 627, and such was the inquiry in reference to the force of the wind.

*Converse & Barrett,* for the plaintiff.

The opinion of the court was  delivered by

Isham, J.   Under the  issue tried by the jury in  this case, the general inquiry was made, whether the defendant exercised proper care in setting fire to piles of brush on his land, which he had collected for the purpose of clearing it.   On that question the defendant proposed to inquire of witnesses if in their *opinion* it was a suitable day for setting that fire, taking into consideration the situation and character of the plaintiff's property.   The witnesses, it is stated, were  on  the land the day the  fires were set,  and  were acquainted with clearing land in that manner.   In their testimony they were  permitted to state  to  the  jury the position of the fire, the direction and course of the wind, and such other facts as were within their knowledge ; but they were not permitted to give in evidence their *opinion* that it was a suitable day for burning the brush, or that the  defendant exercised reasonable and ordinary care on that occasion ; and in  the rejection of that testimony we think there was no error.

The general rule as to the admissibility of  such testimony is not disputed.   Witnesses can  only testify to such facts as are within their knowledge and recollection.   It is the peculiar province of jurors to form  their  opinions  in  the · case by drawing their own conclusions and inferences *from  facts* which are  given in evidence.   To this general rule, however, there are exceptions.   The rule of the exception is given in 1 Smith's Lead. Cas. 286, in which he observes that when  the  subject of inquiry " so far partakes of the nature of science as  to require a course of previous habit or study in order to attain the knowledge of it, the opinion of witnesses acquainted with  the  subject  of inquiry may be received."   The rule has been given by others in different language, but they all recognize the same general principle.   The

authorities read at the argument of this case are a few of the many illustrations of this exception which are to be found in reported cases.   On questions of insanity, settled affection or dislike, and the value of property, the opinions of witnesses may be received.   Upon the same ground the opinion of experts, or persons conversant with the subject matter on questions of science, skill and trade, are admissible as testimony.  But that exception to the general rule is never applied in cases " where all the pertinent facts can be sufficiently detailed and described, and where the triers are supposed to be able to form correct conclusions without the aid of opinion or judgment of others.   In such cases, Justice ROYCE, in *Clifford* v. *Richardson*, 18 Vt. 620, observed " that no exception to the rule is allowed.".   In 1 Smith's Lead. Cas. 286, it is said that " the opinion of witnesses cannot be received when the inquiry is in relation to a subject matter, the nature of which is such as not to require any peculiar habits of study in order to qualify a man to understand it;" and this rule is given as the result of all the cases on this subject.

There could be no difficulty in this case in the witnesses stating to the jury the position of the fires which were set by the defendant, their number and magnitude; the direction and course of the wind; the position, distance and character of the plaintiff's property, and its exposure to injury from that source.  The jurors, upon the question whether the defendant exercised proper care, could form as definite an opinion from the facts stated by the witnesses, as the witnesses themselves.   The subject matter is not one of science or skill, but is susceptible of direct proof, and in most cases the triers themselves are qualified, from experience in the ordinary affairs of life, duly to appreciate the material facts when found. If there is any materiality attached to the force of the wind on that day, we do not see any difficulty in conveying a true idea of it, sufficient at least for all practical purposes.  There is no difficulty of that kind found in ordinary conversation, so as to convey definite ideas as certain in their character as upon other facts.  It may properly be said in all cases of this character, that the case should be tried and decided upon the opinion of jurors, and not upon the opinion of witnesses.

The judgment of the county court is affirmed.