MARTHA N. HINCKLEY *vs.* INHABITANTS OF BARNSTABLE.

At the trial of an action on the Gen. Sts. *c.* 44, § 22, against a town for injuries caused to the plaintiff by leaving a drain uncovered in the highway, evidence that it was usual for towns in that county to leave drains uncovered is inadmissible, if there is no evidence that the plaintiff knew of such a practice, although she had very frequently passed by the place where the accident occurred.

TORT on the Gen. Sts. *c.* 44, § 22, for injuries occasioned to the plaintiff by a defect in a highway in the town of Barnstable which the defendants were bound to keep in repair. At the trial in the superior court, before *Brigham*, C. J., the following facts appeared :

" At the point where the plaintiff was injured a drain ran under and across the highway, leading from a ditch on the south side to a ditch on the north side of the highway; and at the north end of the drain, and a very little to the west thereof, the plaintiff fell. Opposite the northerly end of the drain, and under the sidewalk on the northerly side of the highway, was the end of a short drain that conveyed the water brought from the southerly side of the highway, as well as that which accumulated in the northerly ditch, away from the road and into lower ground. The distance between the northerly end of the drain across the highway and the southerly end of the drain under the sidewalk was about two and a half feet, and there was no covering extending from one drain to the other. On a dark and foggy night at about half past nine o'clock the plaintiff left a house on the southerly side of the highway, crossed, nearly in a direct line, for the purpose of getting upon the sidewalk on the northerly side, and fell into the ditch, striking her left shoulder against the stone making the southerly end of the drain under the sidewalk. There was no fit sidewalk on the southerly side of the highway and the sidewalk on the northerly side was the one in common use.

" There was evidence tending to show that the plaintiff had visited at the house above named from once to twice a week, sometimes in the night and sometimes in the daytime, for a year before the accident, and that during all this time the drain under

and across the road, the ditches, and the drain under the sidewalk were in existence.

" The plaintiff contended that it was the duty of the town, for the security of travellers, to construct a covering from the northerly end of the drain under the highway to the southerly end of the drain under the sidewalk.

" The defendants offered evidence tending to show that it was the usual practice for towns in the county of Barnstable, where drains are laid across the roads, to have them open with the ditches by the roads ; but the judge excluded the evidence."

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*J. M. Day,* for the defendants. The evidence offered had a direct bearing upon the question of the exercise of ordinary care by the town. *Raymond* v. *Lowell,* 6 Cush. 524. *Packard v. New Bedford,* 9 Allen, 200.

*G. Marston,* for the plaintiff.

CHAPMAN, C. J. The cases of *Raymond* v. *Lowell,* 6 Cush. 524, 532, and *Packard* v. *New Bedford,* 9 Allen, 200, do not decide that such evidence as was offered and excluded was admissible as tending to prove that the way was safe and convenient for travellers at the place of the accident. The objection to such evidence is that it is not pertinent to this issue. The issue relates to the condition of the way at the place and the time of the accident. Accordingly it is held that evidence that accidents or difficulties had occurred at the same place, but at a different time, is inadmissible, because it raises a collateral issue. *Collins v. Dorchester,* 6 Cush. 396. *Aldrich* v. *Pelham,* 1 Gray, 510. *Robinson* v. *Fitchburg & Worcester Railroad Co.* 7 Gray, 92. Evidence as to the condition of ways in other places in the county, and the practice of towns in respect to them, relates also to collateral matters ; and the practice of a town may vary widely from the practice of keeping the ways safe and convenient. Evidence of this character is quite unlike such evidence as was held to be admissible in *Gregory* v. *Adams,* 14 Gray, 242, 248, tending to show what condition of the way was required by the population and business to be accommodated by it.

On the question whether the plaintiff used due care, the evidence was that for a year previous to the accident she had lived very near the place, and knew it familiarly in the night as well as in the daytime, and therefore that she had all the knowledge that was necessary to lay upon her the obligation to use due care. But there was not evidence tending to show that she had any knowledge of the places in the county to which the rejected evidence applied. Therefore the rejected evidence was wholly immaterial on that point. *Exceptions overruled.*