JOHN H. CROCKER, Respondent, v. HENRY SCHUREMAN
ET AL., Appellants.

June 17, 1879.

1. In an action for damages caused by a fall upon ice, which, owing to the neglect of the defendants, street-sprinklers, to keep their water-attachments in repair, had formed upon the crossing, it is competent to introduce, for the purpose of showing the defendants' duty, an ordinance requiring them, under penalty, to repair their attachments.

2. Evidence of a custom among street-sprinklers not to visit their water-attachments after the close of the sprinkling season is not admissible.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

SENECA N. TAYLOR, for appellants : It was error to permit sect. 2 of chap. 24 of the Revised Ordinances to be read in evidence. — *Henry* v. *Sprague*, 11 R. I. 456 ; *Kirby* v. *Boyton*, 14 Gray, 249. Evidence of the custom of street-sprinklers not to visit their stop-boxes and stand-pipes after the sprinkling season had closed was improperly excluded. — *Walsh* v. *Transfer Co.*, 52 Mo. 438 ; 2 Greenl. on Ev., sects. 248–252.

PATTISON & DOOLEY, for respondent : The ordinance was admissible as evidence. — *Jetter* v. *Railroad Co.*, 2 Keyes, 154 ; *City of Providence* v. *Clapp*, 17 How. 161 ; *Chicago* v. *Robbins*, 2 Black, 418.

LEVERETT BELL, for the City of St. Louis, cited : *Schweickhardt* v. *St. Louis*, 2 Mo. App. 581.

HAYDEN, J., delivered the opinion of the court.

The plaintiff sued the present appellants, and also the City of St. Louis, to recover damages for an injury resulting from his falling upon the ice which had formed near a crossing on the street in that city. This ice, it was alleged, was produced by the freezing of water which, through the carelessness of the appellants, who, as street-sprinklers, used a water-spout in the neighborhood, had been allowed to escape and

remain upon the crossing until it froze and became danger-
ous.   It was charged that the city, as well as the appellants,
for a long time permitted the ice to remain in this condi-
tion.   The evidence tended to show that in the evening of
December 2, 1876, the plaintiff, while crossing, slipped and
fell upon this ice, thus fracturing the knee-pan.   The ap-
pellants owned the stand-pipe and stop-box, which they used
during the season of sprinkling the streets.   The season
ceased some time in November, and there was testimony of
the appellants tending to show that early in November, 1876,
the water was shut off at this stop-box, while the plaintiff's
testimony tended to show that the water had been escaping
at that point from about the 12th of November until the
date of the accident.   The appellants paid a license to the
city for the use of the water, and a city ordinance was put
in evidence to the effect that any person holding such license
should make their own attachments for filling their water-
carts, and keep their attachments in repair, under penalty
of forfeiture of the license.   The jury found for the plaintiff
as against the appellants, but found for the City of St.
Louis.

It is objected that the ordinance of the city should not
have been read, and that such ordinance could not give a
right of action for a neglect of duty not existing by law.
But the court below gave no instruction to the effect that a
breach of the ordinance was a ground of recovery, and that
part of the ordinance which was read provides merely that
a failure in compliance shall cause a forfeiture of the license.
The part introduced was competent, as against the appellants,
to show a duty imposed upon them of putting in their own
attachments and keeping them in order.   This duty they
undertook to perform, but, as the jury have found, neg-
lected.

The offer to prove a so-called custom among street-
sprinklers in St. Louis, that at the close of the season for
sprinkling the streets, when the water was supposed to be

shut off, the boxes and pipes were not visited until the opening of the season in the spring, was properly rejected. It was the duty of the defendants to visit their attachments to the city water-pipes constantly, if constant visits were necessary to prevent overflows ; or, if they chose not to make necessary visits, it was their obligation to answer for the consequences. The plaintiff's rights are not dependent upon such habits as the appellants and others in their business choose to adopt. Apart from any other evidence, the fact that the ice was caused by overflow from the appellants' pipes, and was suffered to remain so long, was sufficient to support the verdict. Whether the escape of the water was caused by accidental freezing or otherwise, the water was allowed for many days to continue to escape. Accidents thus liable to occur, and the results of which would probably cause injury, it was the duty of the appellants to guard against.

Complaint is made that the court below, at the request of the city, instructed that the jury could not find a verdict against the city unless they also found a verdict for the like amount against the appellants ; but that if the jury, under the instruction and evidence, determined to return a verdict against the appellants, it did not also follow that they must find against the city. This instruction was based upon sect. 9 of art. 16 of the present city charter, which corresponds with art. 12 of sect. 13 of the charter of 1870. *Schweickhardt* v. *City of St. Louis*, 2 Mo. App. 581. The objection to the giving of this instruction is founded on the position that there was no evidence of negligence on the appellants' part, a position wholly untenable. It is true that there is evidence tending to show negligence on the part of the city, but upon this question the jury have passed. The jury were instructed that if the slippery condition of the crossing at the point where the plaintiff fell was caused by the negligence of the appellants, and not by that of the city, their verdict should be for the city. In this there was no error, nor have the appellants pointed out any

error in the instructions given for the city which would have prejudiced the appellants. The instructions given for the city, though they probably operated unfavorably for the appellants, expressed the law applicable to the case.

The exclusion of the tax-payers from the jury was error (*O'Brien* v. *Vulcan Iron - Works*, Mo. App.), but no error of which the appellants can complain, or which is a ground of reversal.

The appellants' first and second instructions were properly refused. The question was not here one of ordinary care, or any other degree of diligence on the part of the appellants, but as to negligence causing the injury to the plaintiff.

No error is shown, and the judgment of the court below will be affirmed. All the judges concur.