Eben J. Pulsifer *vs.* John Berry, and another.

Androscoggin.    Opinion April 13, 1895.

*Negligence.   Evidence.   Experts.   Custom.*

The opinions of experts are not deemed admissible where the subject of the inquiry is one of general observation or experience, and not such as to require any peculiar habits or study in order to understand it.  *Held;* that the management of fires burning in heaps of brush and lingering in piles of brands, does not present such a question.  The tendency of fire to spread and cause damage is a matter of common knowledge and experience, and the question of proper safeguards to prevent it is not one for expert testimony.

The usual practice adopted, within the limits of the experience of a civil engineer, in guarding fires kindled in clearing and grubbing on railroad locations, is not a safe criterion of the question of ordinary care, and evidence of such practice is immaterial and inadmissible.

Where the gist of the action is negligence and it is a simple question of fact for the jury to determine whether, under the particular circumstances and conditions shown to exist, the defendants are guilty of negligence,  *Held;* that it is impossible that there should be any uniform practice or fixed standard of care with respect to a duty so peculiarly dependent upon varying circumstances and conditions as that of guarding fire to prevent its spreading. The number and magnitude of the fires, the condition of the soil, the state of the weather, the direction and force of the wind, and the relative situation and exposure of the plaintiff's property are all factors to be considered in the solution of the question in every case.

A general custom cannot be deemed a relevant fact in an action for negligence respecting any non-contractual duty which is not performed under fixed conditions.

ON EXCEPTIONS.

This was an action on the case for negligence, in which there was a verdict for the defendants.   The plaintiff claimed that the injury to his premises, in Poland, was caused by the defendants' negligent acts while burning and clearing a railroad location. The plaintiff took the following exceptions to the rulings of the court in matters of evidence :

To the ruling of the court permitting the defendants to show the rain-fall in Lewiston ; permitting the defendants' engineer to testify what is usually done, in the construction of railroads, in the way of clearing the road location of brush and burning

it; to the admission of the testimony of what the laborers said after they ran from the fire; and to the exclusion of the testimony offered by the plaintiff, in rebuttal, that fire and smoke were seen in the defendants' brush heaps as late as six o'clock in the afternoon of the day previous to the fire which damaged the plaintiff's premises that were adjoining.

The second exception only is considered by the court, the facts relating to which appear in the opinion.

*A. R. Savage and H. W. Oakes, G. E. McCann and A. E. Verrill*, with them, for plaintiff.

*J. M. Libby and F. E. Hurd*, for defendants.

SITTING: PETERS, C. J., WALTON, HASKELL, WHITEHOUSE, WISWELL, JJ.

WHITEHOUSE, J. This is an action to recover damages for an injury to the trees on the plaintiff's lot, alleged to have been caused by the negligence of the defendants in omitting to take proper precautions to prevent the spreading of the fires kindled by them on the land of the Portland and Rumford Falls Railway, then in the possession of the defendants for the purpose of constructing a railroad.

The plaintiff introduced evidence tending to show that the fire on his lot caught from burning brush heaps which had not been sufficiently watched and guarded by the defendants' servants.

The defendants introduced evidence tending to show that trenches were dug around the brush heaps and sand thrown upon the piles where the fire had been.

The assistant engineer of the railroad company was a witness for the defendants and testified that he graduated nine years before and had been engaged on railroad surveys and construction seven or eight years. The further examination of this witness appears in the facts reported as follows:

"Ques. In your opinion what more could have been done in the exercise of care, for the prevention of fire than what was done there?"

To this question the plaintiff objected on the ground that it was not a matter of expert testimony.

The court remarked: "If Mr. Hall has been engaged upon surveys and constructions where they have been at work clearing and grubbing and building fires, then I think he may properly state what they usually do, what the usual course is, what the usual remedies are that are resorted to, and then it will be for the jury to say whether or not this comes up to the standard."

Plaintiff's counsel: "I take exceptions to that testimony."

"Ques. [By defendants' counsel] Will you state what is usually done in cases of this sort in the construction of railroads, in the way of clearing the road, location of brush and burning it?"

To this question the plaintiff objected on the ground that it called for irrelevant matter; but the court permitted the witness to answer, and the plaintiff excepted.

"Ans. To pile up the brush somewhere in the right of way and burn it, and tend it until it burns down; and then the brands are kicked into the middle or knocked in there so it cannot spread, and left there. Down there where they burned it, they were covering it. I had been at Berry some time to burn it. I believe that is all of the usual manner, to pile it up and burn it and look after it."

It is an elementary rule respecting the introduction of oral evidence that, in general, witnesses are only permitted to state facts within their knowledge, and not to give their opinions or conclusions. The testimony of experts constitutes one of the exceptions to this rule. "When there is a question as to any point of science or art, the opinions upon that point of persons specially skilled in any such matter are deemed to be relevant facts; and the words 'science or art' include all subjects on which a course of study or experience is necessary to the formation of an opinion." Steph. Dig. of Ev. Art. 49.

But the opinions of experts are not deemed admissible where the subject of the inquiry is one of general observation or experience, and not such as require any peculiar habits or study in order to qualify a man to understand it. Lawson Ex. & Op. Ev. Rule thirty-seven and illustrations; *Mayhew* v. *Mining Co.* 76 Maine, 100. "It is not sufficient to warrant the introduction of expert evidence that the witness may know more of the sub-

ject of the inquiry, and may better comprehend and appreciate it than the jury ; but to warrant its introduction the subject of the inquiry must be one relating to some trade, profession, science or art in which persons instructed therein by study or experience, may be supposed to have more skill and knowledge than jurors of average intelligence may be presumed generally to have. The jurors may have less skill and experience than the witnesses and yet have enough to draw their own conclusions and do justice between the parties. Where the facts can be placed before a jury and they are of such a nature that jurors generally are just as competent to form opinions in reference to them and draw inferences from them as witnesses, then there is no occasion to resort to expert·or opinion evidence. . . . When witnesses testify to facts, they may be especially contradicted ; and if they testify falsely they are liable to punishment for perjury. But they may give false opinions without the fear of punishment." *Ferguson* v. *Hubbell*, 97 N. Y. 507 (S. C. 49 Am. Rep. 544). With respect to all matters which, " may be presumed to be within the common experience of all men of common education moving in the ordinary walks of life," it is deemed safer to take the judgment of unskilled jurors than the opinion of biased experts. *Higgins* v. *Dewey*, 107 Mass. 494 ; *State* v. *Watson*, 65 Maine, 74 ; *White* v. *Ballou*, 8 Allen, 408 ; *Glass Co.* v. *Lovell*, 7 Cush. 321 ; *Fraser* v. *Tupper*, 29 Vt. 409 ; and *Carter* v. *Boehen*, 3 Burr. 1905 ; and note to Smith's Lead. Cases, 9 Am. Ed. Vol. 1 p. 791 ; 1 Whart. Ev. § 436.

The management of fires burning in heaps of brush, and lingering in piles of brands, is manifestly a subject of inquiry with respect to which men of ordinary experience and intelligence must be deemed capable of drawing conclusions from facts proved without the aid of those claiming special skill or experience in the premises. The tendency of fire to spread and cause damage, under certain circumstances and conditions, is a matter of common knowledge and experience, and the question of proper safeguards to prevent it is not one for expert testimony. *Higgins* v. *Dewey* ; *Frazer* v. *Tupper* ; and *Ferguson* v. *Hubbell, supra.*

In commenting on the first question put to the assistant engineer calling for his opinion as to, " what more could have been done, in the exercise of care for the prevention of the fire," the presiding judge was evidently impressed with the belief that the issue before the court did not present a proper inquiry for the opinion of an expert, and therefore remarked that " if the witness had been engaged in surveys and constructions " he might testify to the usual practice in guarding fires kindled for the purpose of "clearing and grubbing." It will be noticed that the testimony thus authorized by the suggestion of the court, as well as that actually given by the witness in pursuance of it, is not even restricted to the usual practice of " ordinarily careful and prudent men," or to cases arising under " similar circumstances and conditions," but simply to the " usual course " pursued within the limits of that witness' experience.

The admission of this evidence was no less objectionable than a direct expression of opinion by the witness as an expert. The gist of the action was negligence. It was a simple question of fact for the jury to determine whether, under the particular circumstances and conditions shown to exist in the case, the defendants had omitted any precautions which ordinarily careful and prudent men in the same relation would not have omitted, or performed any acts which ordinarily prudent men would not have performed. Even if a general usage could ever be deemed a safe criterion of a question of ordinary care, such a limited usage as that received in this case would not be material evidence.

It is impossible, in the first place, that there should be any uniform practice or fixed standard of care, with respect to a duty so peculiarly dependent upon varying circumstances and conditions as that of guarding fire to prevent its spreading. The number and magnitude of the fires, the condition of the soil, the state of the weather, the direction and force of the wind, and the relative situation and exposure of the plaintiff's property, would all be factors to be considered in the solution of the question in every case. Thus collateral issues would be raised by the evidence of such a usage as was shown in this case, no less

than by testimony of the methods adopted in other special instances. In *Sturgis* v. *Robbins*, 62 Maine, 289, the action was based on a statute (R. S., c. 26, § 17), in affirmance of the common law, requiring such fires to be kindled "at a suitable time and in a careful and prudent manner," and the plaintiff offered to show what precautions were taken by a witness who set another fire on the same day that the defendant set the fire in question. But the court says : "The mode and manner in which this witness set or managed his fire when set, were immaterial to the issue. The conditions under which his fire was set may have been entirely different from those attendant upon that set by the defendant."

But not even a general custom can be deemed a relevant fact in an action for negligence respecting any non-contractual duty which is not performed under fixed conditions. In Deering on Negligence, § 9, the rule is stated even more strongly as follows : "It may be stated as a general rule that where a party is charged with negligence, he will not be allowed to show that the act complained of was customary among those engaged in a similar occupation or those placed under like circumstances, and owing the same duties."

In *Hill* v. *Railroad Co.* 55 Maine, 438, the plaintiff's horse was frightened by the loud and sudden blowing of the defendant's locomotive whistle, and evidence of the custom in that respect on other railroads was held rightly excluded. The court say in the opinion : "It does not appear in terms whether the object was to prove a general custom on all railroads. The question might be limited to one or two roads. But if such a general custom could be established, it would not be a legitimate defense in this case or tend to establish it. If all the railroads in the country adopt any rule or custom which is unreasonable or dangerous and productive of injury, the generality of the custom cannot in a given case, in any degree excuse or justify the act. Every case must be determined upon the facts and not upon the proceedings of other corporations in somewhat similar cases." To the same effect are the following decisions : viz : *Miller* v. *Pendleton,* 8 Gray, 547 ; *Judd* v. *Fargo,* 107 Mass. 264 ; *Lewis*

v. *Smith, Id.* 334; *Hill* v. *Steamship Co.* 125 Mass. 292; *Hinkley* v. *Barnstable,* 109 Mass. 126; *Littleton* v. *Richardson,* 32 N. H. 59; *Lawrence* v. *Hudson,* 12 Heisk. (Tenn.), 671; *Crocker* v. *Schereman,* 7 Mo. App. 358; *Hamilton* v. *Railroad,* 36 Iowa, 31.

The admission of the testimony of a usage in the case at bar must be deemed error. Though apparently unimportant, it tended to give the jury the impression that in "digging trenches around the brush heaps," and "throwing sand upon the piles," the defendants had taken greater precaution than usage required, and thus it could not have failed to affect the judgment of the jury upon the question of negligence.

This conclusion renders it unnecessary to consider the other questions presented in the exceptions.

*Exceptions sustained.*