SQUIRE v. PRESS PUB. CO.

(Supreme Court, Appellate Division, First Department. March 8, 1901.)

1. LIBEL AND SLANDER—EVIDENCE.
    In libel for publishing a picture alleged to be plaintiff as that of a woman married to C., evidence of people's recognition of plaintiff's resemblance to the published picture was properly excluded, since it was merely the expression of an opinion on the question, which was for the jury.
2. SAME—HEARSAY.
    In a libel for publishing a picture alleged to be the plaintiff's as that of a woman married to C., evidence as to what people said to plaintiff after the publication of the picture was properly excluded as hearsay evidence on a question which the jury themselves must determine from the appearance of plaintiff and the picture published.
3. SAME—PHOTOGRAPH INADMISSIBLE.
    In libel for publishing a picture alleged to be plaintiff's as that of a woman married to C., plaintiff's photograph was properly excluded as evidence, where all the published pictures of plaintiff had been admitted, and plaintiff herself appeared as a witness.
4. SAME—PUNITIVE DAMAGES—IMMATERIAL QUESTIONS.
    Where the jury had found for the defendant, the plaintiff was not entitled to have the charge of the court as to punitive damages reviewed, as the question of damages was immaterial.
    Van Brunt, P. J., and Patterson, J., dissent.

Appeal from trial term, New York county.

Action by Mary Louise Clary Squire against the Press Publishing Company. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

David Burr Luckey, for appellant.
James W. Gerard, for respondent.

INGRAHAM, J. This action is for libel. The defendant, publisher of a newspaper in the city of New York, published an account of the marriage of one Louise Cleary with Eugene Cowles. As part of this

publication there was published a picture of a woman who was said to be "Mrs. Louise Cleary-Cowles." It is alleged that this is a picture of the plaintiff, and that the libel consists of publishing her picture as that of the woman who was married to Cowles. It is not disputed but that a Miss Louise Cleary married Cowles upon the day named, but the defendant denies that the picture published was the picture of the plaintiff, or represented her as the person who was married to Cowles; the only libel claimed being that by this publication of her picture the plaintiff was alleged to be in fact the person who married Cowles. The court left it to the jury to say whether this picture that was published was a portrait of the plaintiff, charging the jury that, if they should find "that this was a portrait of the plaintiff in this case, and that by the unhappy conjunction of the letterpress regarding this other Louise Cleary and the portrait of this lady there was spread abroad to the world a statement which was calculated and likely to bring ill repute upon her, and to persuade and lead a number of persons to believe that she had been guilty of the misconduct charged in the article, then the defendant has been guilty, whether willingly or not, of spreading broadcast a libel upon the plaintiff." The jury found a verdict for the defendant, and the evidence justified that verdict.

There were several of the plaintiff's pictures introduced in evidence, and also a picture of the woman who was married to Cowles at the time named. So far as we can see from an inspection of the record, the picture published was as good a representation of one as of the other. It did not purport to be a portrait of the plaintiff, whose stage name was "Mary Louise Clary," but was said to be a picture of "Mrs. Louise Cleary-Cowles." The plaintiff was not connected with this article except by the picture. Her name does not appear anywhere in the article. The jury had the plaintiff as a witness before them, and an opportunity to compare the picture as published with the plaintiff, and with her published pictures; and, considering the character of this picture contained in the alleged libel, as it appears from the record, with the name annexed to it, as the picture of a person other than the plaintiff, it is difficult to see how any one could have been deceived. The only real question presented is as to some rulings upon questions of evidence. The plaintiff having introduced in evidence several pictures of herself, which had been published and circulated through the country, and also a copy of the libel published, she was asked: "State what, if anything, was said to you in reference to this particular article, Exhibit N, by any person at the time you received it." This was objected to, the objection was sustained, and the plaintiff excepted. A witness was also called who had sung in concerts and church choirs. He testified that he was slightly acquainted with the plaintiff; that prior to the publication of the libel he had seen the plaintiff's picture on her literature; and was then asked to look at the article, and state whether or not he recognized any person in it. This was objected to, the objection was sustained, and the plaintiff excepted. The witness was next asked whether "that is a fair picture of the plaintiff or not." This was also excluded, and the plaintiff excepted. As before mentioned, the publication stated, not that the picture represented the plaintiff, but that it was a picture of another woman of a different

name; and it was not disputed but that the other woman was married to Cowles. And the one question of fact which the jury had to determine was whether this was a picture of the plaintiff, so that it could be said that the article as published, picture and all, charged her with being the woman who was married to Cowles. The defendant is not liable because it stated the fact that a woman named "Louise Cleary" had been married to Cowles; nor was it liable to the plaintiff for a libel by publishing a picture of what purported to be that woman, unless the picture was such a representation of the plaintiff that it could be said that the article as a whole represented her as the woman who was married to Cowles. The question, therefore, for the jury to decide was whether this picture, published as that of another woman, was a picture of the plaintiff, so that the article must be considered to have represented that she was the person referred to. Certainly, the fact that other people saw, or thought they saw, a resemblance to the plaintiff, was not competent evidence. It was but an expression of the opinion of a witness upon the question of fact which the jury were required to determine, and this not a question upon which the opinions of experts were competent. Van Vechten v. Hopkins, 5 Johns. 211; People v. Parr, 42 Hun, 313. Nor was what others said to the plaintiff about the picture competent. The defendant was not responsible for what other people said. It was responsible for the result of its own action if it published a libel concerning the plaintiff; but, to connect the plaintiff with this publication, it was essential to prove as a fact that the picture was such a representation of her that the defendant must be presumed to have represented that the plaintiff was the woman mentioned in the article. The testimony of what others said about the picture was hearsay opinion of persons not called as witnesses upon a question which the jury were to determine for themselves from the article published, the appearance of the plaintiff, who was before them, and the pictures of the plaintiff introduced in evidence. Not only was it a question upon which expert testimony was inadmissible, but it does not appear that any of the parties who were called, or whose declarations were sought to be proved, were experts. To allow this testimony would be to allow witnesses, and persons who were not called as such, to express their opinions upon the questions that the jury were to decide. As before stated, the question was not what people thought, but whether, as a fact, this defendant published this article of and concerning the plaintiff. Looking at the picture as printed in the record, and comparing it with the published pictures of the plaintiff and with that of the woman who actually married Cowles, it was a question as to which it most closely resembled. As the article correctly named the person who had actually married Cowles, and did not purport to connect this plaintiff, either by her professional or her actual name, with the article, it is quite difficult to see how anybody could have been deceived by the publication. But, whether people were or were not deceived, unless the picture was an actual representation of the plaintiff, there was no libel published of and concerning the plaintiff.

Nor do I think it was error to refuse to admit the photograph of the plaintiff in evidence. The court admitted all the pictures of her that

had been published. The jury having found a verdict for the defend-ant, the exceptions to the ruling upon this evidence upon the ground that it was competent upon the question of damages which the plain-tiff sustained because of the publication are not material. If the plaintiff was not entitled to recover, all rulings that relate to the amount of the verdict to which she would have been entitled if she had recovered become clearly immaterial. So the charge of the court as to punitive damages is not reviewable, as, the jury having found for the defendant, the question of damages became immaterial. There was no exception taken to the charge, except upon the question as to the right of the plaintiff to recover punitive damages, and none of the exceptions taken to the charge are material upon this appeal. None of the exceptions taken justify a reversal of the judgment, and, the jury having found upon conflicting evidence that the article was not published about the plaintiff, the judgment and order appealed from are affirmed, with costs. All concur except VAN BRUNT, P. J., and PATTERSON, J., who dissent.