### Charles Volkman et al. v. John McMullen.

### Gen. No. 13,646.

1. MASTER AND SERVANT—*what does not establish due care of former*. The due care of a master is not necessarily established by a showing that the methods employed by him were the "usual, ordinary and customary means employed" in performing the kind of work in question.

2. INSTRUCTIONS—*need not repeat*. It is not error to refuse a correct instruction if the contents thereof are substantially contained in another instruction given.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1907. Affirmed. Opinion filed February 13, 1908.

HORTON, BROWN & MILLER, for appellants.

J. A. BLOOMINGSTON, for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

Appellee recovered judgment against appellants for $3,000 in an action in case, for personal injury claimed to have been occasioned by the negligence of appellants. The only questions argued by appellants' counsel are alleged errors in the refusal of instructions. It is contended that the court erred in refus-

ing to give, at appellants' request, each of the following instructions, which, for convenience, will be referred to numerically, as marked:

1. "The jury are instructed that in deciding what are the facts in this case, they are to be governed solely by the evidence introduced before them in the trial of the case, and not by any previous knowledge, if they should have any about such facts, nor by any facts coming to their knowledge before or at the time of the trial of this case, and not introduced in evidence before them."

2. "You are instructed that it is your bounden duty, under the law, in arriving at your verdict, to disregard all feelings of sympathy or sentiment, if any you have, and to find your verdict under the law as laid down by the court and the evidence of the witnesses upon the witness stand, and you must not take into consideration the financial standing of the parties to this suit, in arriving at your verdict."

3. "You are further instructed that the law as given in these instructions is the law of the case, and you must follow the same whether you think the law is right or not."

4. "You are further instructed that an employer is not bound to use the safest and best means of prosecuting his work, and if you believe from the evidence in this case that the means employed by the defendants in this case of raising the beam in question were the usual, ordinary and customary means employed by structural iron contractors in similar cases and under similar circumstances, then you are instructed that the defendants exercised such reasonable care as the law imposed upon them."

5. "Before there can be a recovery in this case the plaintiff must make out his case by a preponderance of the evidence, and you have no right to guess at how the injury to plaintiff occurred, nor to find the defendant guilty on surmise or conjecture, no matter how plausible such surmise or conjecture may be."

Instructions 1, 2 and 3 are substantially included in the following instructions given at appellants' request:

"The jury are instructed that in considering and

deciding this case, they must look solely to the evidence for the facts, and to the instructions of the court for the law in this case, and find your verdict accordingly, without any reference to whom is plaintiff or who is defendant, and without any prejudice or favor whatsoever.''

''The jury are instructed that the power to decide what evidence is admissible and what evidence is not admissible, is vested in the court, and is a question of law. After evidence has been admitted, it is for the jury to then determine and pass upon its character, credibility and value, and the jury are instructed that all reference to evidence in these instructions means only such evidence as the court has admitted in the case. Evidence offered, but excluded by the court, is not entitled to and must not receive any consideration from the jury,'' etc.

We do not think the court erred in refusing instruction 4. The question at issue was whether the appellants were negligent as averred in the declaration, and the ''usual, ordinary and customary means employed by structural iron contractors, in similar cases,'' may have been negligent means.

In C., R. I. & P. R. Co. v. Clark, 108 Ill. 113, one of the issues was whether the appellee's intestate, who was killed in coupling cars, exercised ordinary care. The court say: ''It is next urged that the trial court erred in admitting evidence as to the usual mode of coupling and uncoupling cars at that switch. One of the issues being tried was, whether deceased performed his duty with such negligence as to preclude a recovery. He was bound to use care, or no recovery can be had, and what others did or were in the habit of doing did not tend to prove that issue. Such a course may have been careless, or even reckless, and if so, it did not justify him in omitting the observance of care. We therefore think that such evidence did not tend to prove care on the part of deceased, and the court erred in its admission.'' The ruling is the same in other jurisdictions. Hill v. Winsor, 118 Mass. 251, 259; Hill v. P. & R. R'd Co., 55 Me. 438, 444-5; Sew-

all's Falls Bridge v. Fisk & Norcross, 23 N. H. 171, 179; Crocker v. Schureman, 7 Mo. App. 358; Hibler v. McCartney, 31 Ala. 501, 508; Hamilton v. DesMoines Valley R. R. Co., 36 Ia. 31, 37.

Instruction five is covered by other instructions given at the request of appellants. The declaration contains only two counts. The court gave an instruction as to each count, stating the allegations in the count, and instructing the jury that each of the allegations ''must be proven by the plaintiff by a preponderance of the evidence, and you are instructed that if you believe from the evidence that the plaintiff has failed to prove each and every of said allegations by a preponderance of the evidence, he cannot recover.'' The court also, at appellants' request, gave this instruction:

''The jury are instructed that the burden of proving negligence rests upon the party alleging it, and where a person charges negligence on the part of another as a cause of action, he must prove the negligence by a preponderance of the evidence.

And in this case, if the evidence fails to preponderate in favor of the plaintiff, is evenly balanced or preponderates in favor of the defendant, or if you cannot tell on which side the preponderance is, then the plaintiff cannot recover, and you must find the defendant not guilty.''

Appellants asked twenty-eight instructions, twenty of which the court gave, and it would seem that twenty instructions in a case like the present, in which the issues are so few and simple, should be sufficient to cover every phase of the case. It is not contended that the verdict is not supported by the greater weight of the evidence, or that substantial justice has not been done, the argument of appellants' counsel being limited, as before stated, to rulings on instructions. Errors assigned but not argued are waived. Gordon v. Commissioners of Highways, 169 Ill. 510.

The judgment will be affirmed.

*Affirmed.*