# CASES

IN THE

# SUPREME JUDICIAL COURT

OF THE

## STATE OF MAINE

STATE OF MAINE *vs.* ODILON BUTLER.

Kennebec.    Opinion January 18, 1915.

*Complaints Relative to Place Run by Respondent. Drinking House and Tippling Shop. Exceptions. Hearsay Evidence. Indictment.*

1.  The testimony of the two Deputy Sheriffs, that complaints by undisclosed persons had been made to them, that there had been liquor sold in the place of defendant, was not offered as preliminary to or as a part of any other testimony tending to show that the witnesses had any information regarding the character of defendant's business other than these complaints can be regarded only as hearsay evidence within the hearsay rule.
2.  Hearsay, as a general rule, is not evidence. To this rule there are exceptions, under which to prevent an entire failure of justice, and when no better evidence can be supposed to exist, it is admitted.
3.  But when, from the nature of the testimony offered, it is manifest that better evidence exists and is accessable, it is not admissible.

On exceptions by defendant.    Exceptions sustained.

In this case, the defendant was arraigned upon an indictment found by the Superior Court for Kennebec County at the April term, 1914, for keeping a drinking house and tippling shop. He entered a plea of not guilty, was tried and convicted. In the course of the trial, the defendant objected to the testimony of two deputy sheriffs; the presiding Judge overruled his objections and admitted the evidence, and the defendant had exceptions to said ruling.

The case is stated in the opinion.

*William H. Fisher*, County Attorney, for the State.

*Pattangall & Plumstead*, for defendant.

SITTING: SPEAR, CORNISH, KING, BIRD, HANSON, JJ.

SPEAR, J. This case involves an indictment against Odilon Butler in the usual form for keeping a drinking house and tippling shop. He was arraigned, entered a plea of not guilty, and was put upon trial. The bill of exceptions states the case:

"During the progress of the trial the County Attorney introduced the testimony of two deputy sheriffs; namely, Charles H. Farrington and John Roderick. Neither of them gave evidence or was requested to give evidence with regard to having any knowledge of his own that the respondent maintained a tippling shop or was guilty of any infraction of the prohibitory law under the indictment on which he was arraigned. But the following testimony was given by them, Deputy Sheriff Farrington was asked the following questions by the County Attorney:

Q. State to the jury whether or not prior to the twenty-first day of February last you had had complaints relative to the place run by Mr. Butler.

Counsel for the respondent objected to the question and the objection was overruled; whereupon he seasonably excepted to the admission of the question and answer. Deputy Sheriff Farrington answered the question in the affirmative. Deputy Sheriff Roderick was asked the following questions and gave the following answers while being examined in chief by the County Attorney: Q. Have you had any complaints relative to the place run by the respondent Butler? A. Yes, sir. Q. And if so, what was the nature of them? A. The complaint was that there has been liquor sold in the place. To the admission of these questions and answers counsel for the respondent objected, and the objections being overruled, seasonably excepted to the ruling of the Court. Neither of these witnesses testified or was asked to testify about any facts tending to verify the truth of the complaints which they stated had been made to them."

This evidence so far as appears was not offered as preliminary to or as a part of any other testimony tending to show that these witnesses had any information regarding the character of the defendant's business other than the complaints made by undisclosed persons. This testimony offered in chief by the State, consisting of the sole statement on the part of the witnesses, and not preliminary to, nor connected with, any other statement by them, can be regarded only as

hearsay evidence and must fall within the hearsay rule. They were but repeating that certain persons in the community had informed them that they believed the defendant was keeping a tippling shop. The witnesses apparently did nothing to verify this information and so far as appears the information, itself, might have been based upon hearsay.

It may be regarded as a fair presumption that the officers, who testified to the complaints made to them, well knew the name and place of residence of the complainants. Accordingly, the original sources, from which the complaints must have come, were presumably within the easy procurement of the officers. But it does not appear that they or the State, made any effort to obtain the presence of their informers as witnesses at the trial. These facts clearly bring the case within the hearsay rule, as stated in *Gould* v. *Smith*, 35 Maine, 513, as follows: "Hearsay, as a general rule, is not evidence. To this rule, however, there are exceptions, under which to prevent an entire failure of justice; and when no better evidence can be supposed to exist, it is admitted. But when, from the nature of the testimony offered, it is manifest that better evidence exists and is accessable, it is not admissible." This is the general rule adopted by every common law jurisdiction, and every text writer on evidence, so far as we have been able to discover. From the evidence of complaints the jury at most could only draw an inference as to the truth of the charge made in the indictment. But as was said in *Mason* v. *Tallman,* 34 Maine, 472: "An inference founded upon hearsay is not more admissible in evidence than a fact obtained in a like manner." It is unnecessary to go farther. There is no rule under which the testimony in question was admissible.

But it is claimed that, even though the testimony was inadmissible, it was not prejudicial to the rights of the defendant. We can conceive of a case, in which this contention might prove true, but in the case before us there is nothing stated in the exceptions, and there is no further report of the evidence, which warrants this conclusion.

*Exceptions sustained.*