NEW ENGLAND NEWSPAPER PUB. CO. v. BONNER.

No. 2844.

Circuit Court of Appeals, First Circuit.

Jan. 9, 1934.

As Amended on Denial of Rehearing Feb. 16, 1934.

Francis P. Garland, of Boston, Mass. (Henry F. Hurlburt, Jr., Benjamin C. Perkins, and Hurlburt, Jones & Hall, all of Boston, Mass., on the brief), for appellant.

Joseph N. Welch, of Boston, Mass. (Lucius E. Thayer and Hale & Dorr, all of Boston, Mass., on the brief), for appellee.

Before WILSON and MORTON, Circuit Judges, and McLELLAN, District Judge.

McLELLAN, District Judge.

This action of tort for libel comes here after a verdict for the plaintiff on the defendant's exceptions to the admission and exclusion of evidence. The appellant states that "only those errors now relied upon by the defendant are argued in this brief." This constitutes a waiver of the first and sixth assignment of errors.

The second assignment of error follows:

"2. The court erred in admitting in evidence over the objection and exception of the defendant, certain testimony of the plaintiff, Frank E. Bonner, the full substance of the evidence so admitted being as follows:

"Q. 10. Did the time come, to your knowledge, when men were being considered for positions under the new Commission? A. Yes.

"Q. 11. When that time came did you—just yes or no—have a talk with Secretary Wilbur as to the possibilities of your going on or working for this new Commission? Just yes or no. A. Well, I do not know whether I can answer that yes or no. I had some talks, yes, with Secretary Wilbur about it.

"Q. 12. Will you tell us—just yes or no—whether or not the subject of this publicity that you received was discussed with Wilbur? A. Yes, there was some discussion.

"Q. 13. Will you tell us—just yes or no—as to whether or not anything was said by Wilbur to you about your availability on the new Commission as the result of this publicity?

"Mr. Garland. Just a moment. I object, may it please the court, because I think my brother is putting in incompetent conversation.

"Mr. Welch. As a matter of fact, I think it is perfectly competent.

"The Court. I think so. I will allow it and note your exception.

"Mr. Garland. Your Honor notes my exception?

"The Court. Surely.

"Q. 14. Will you tell us what Wilbur said to you?

"Mr. Garland. I object to that.

"The Court. I said I would note your exception. Proceed.

"Q. 15. What did Mr. Wilbur say about the effect of this publicity, if any, on you? A. I cannot recall his words. In substance, he said that on account of this Hearst publicity that I had no chance to be on the Commission. I remember he also said otherwise I would be highly qualified for a place on the Commission.

"Q. 16. Well, did you get a place on the new Commission? A. No."

The appellee urges that we cannot consider this assignment of error because counsel for the defendant failed to state to the trial court the specific grounds of his objection. The rule of practice in the federal courts requiring a specific statement of the grounds of objection to the admission of testimony is not to be so applied as to require redundancy. Objections of the kind taken here are sufficient where the ground therefor is so manifest that the trial court and counsel cannot fail to understand it. Grandison v. Robertson (C. C. A.) 231 F. 785; Safford v. United States (C. C. A.) 233 F. 495.

Cases like Greer v. United States (C. C. A.) 240 F. 320, where the objection was made after the question had been answered, Gilman v. Lamson Co. (C. C. A.) 234 F. 507, where the force of the objection was not clear and could not be understood without examination of the record, and Wellington v. Pelletier (C. C. A.) 173 F. 908, 26 L. R. A. (N. S.) 719, where, if the objection had been specific, it might have been met, on which the appellee relies, are inapplicable. Nor do we find anything in the per curiam opinion in Cholacoff v. United States (C. C. A.) 10 F.(2d) 505, at war with the conclusion that the appellant did enough to save its exception to the admitted testimony.

We can think of no tenable theory on which the appellee's conversation with Secretary Wilbur as to the possibilities of the appellee working for a new commission not yet in existence can be regarded as admissible. Any statement by Mr. Wilbur as to the effect of the publicity created by the alleged libel is hearsay, and comes within no exception to the rule excluding hearsay. Ellicott v. Pearl, 10 Pet. 412, 427, 9 L. Ed. 475; Wesson v. Washburn Iron Company, 13 Allen (Mass.) 95, 100, 90 Am. Dec. 181; Cook v. United States, 138 U. S. 157, 185, 11 S. Ct. 268, 34 L. Ed. 906; State v. Butler, 113 Me. 1, 92 A. 819.

Mr. Wilbur's statement, as related by the appellee, that, "on account of this Hearst publicity," the appellee had no chance to be on the commission, and that otherwise he would be highly qualified for a place thereon, also may be regarded, not as a statement of fact, but as the expression of an opinion, and on this ground inadmissible. United States v. Boston, C. C. & N. Y. Canal Company (C. C. A.) 271 F. 877; Sprague v. Sampson, 120 Me. 353, 114 A. 305; Pulsifer v. Berry, 87 Me. 405, 408, 32 A. 986.

Proof of opinion by hearsay is doubly objectionable. Walsh v. Cornwell, 272 Mass. 555, 172 N. E. 855; Clary-Squire v. Press

Publishing Company, 58 App. Div. 362, 365, 68 N. Y. S. 1028.

The appellee relies heavily upon Elmer v. Fessenden, 151 Mass. 359, 24 N. E. 208, 5 L. R. A. 724, an action of slander for causing the plaintiff's employees to leave his service by stating falsely that the silk on which they worked contained arsenic. This case stands as authority for the proposition that the declarations of the employees, at the time when they left the plaintiff's employment, to the effect that the defendant told them about the arsenic in the silk, are admissible to show their reason for leaving, and for no other purpose. It does not warrant receiving hearsay evidence in this case of Mr. Wilbur's opinion that, because of the appellant's publication, the appellee "had no chance to be on" a new and unborn commission, or of his opinion that otherwise the appellee "would be highly qualified." In the instant case the hearsay testimony revealed no such relevant existing motive or reason for action as was essential to its admissibility.

It is urged that the error in the admission of this evidence was cured by the judge's charge. Neither that portion of the charge quoted at length in the appellee's brief, referring to the appellee's loss of position as executive secretary of the *old* commission (as opposed to the possibility of his getting a position with the *new* commission), nor the statement in the charge that the real money that the appellee lost was a very small element in the case, can be regarded as a cure for the error inherent in the admission of the foregoing testimony. This is the more apparent when the charge is considered as a whole, and the fact that the jury was told that the amount of damages was entirely in their hands is borne in mind.

■ We are not unmindful of the provisions of the Judicial Code, requiring us to "give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties." Judicial Code, § 269, as amended by the Act of February 26, 1919 (28 USCA § 391). In this connection, we should not lose sight of the nature of this testimony and its source. As stated before, appellee was permitted to testify that Mr. Wilbur, who was then Secretary of the Interior, stated, in substance, that by reason of "this Hearst publicity" the appellee had no chance to be on the commission, and that otherwise he would be highly qualified for a place thereon. Considering the whole record, no person at all familiar with jury trials, as we view it, could regard the admission of this testimony as a technical error, not affecting the substantial rights of the parties.

As practically conceded in the appellant's brief, and whether actually so conceded or not, the appellant was prejudiced only so far as the question of damages is concerned, by the erroneous admission of the foregoing testimony.

In view of the singleness of the liability issue presented to the jury without objection by either party, the erroneous admission of this testimony warrants limiting the new trial to the issue of damages.

■ The appellant's third, fourth, and fifth errors assigned are, in substance, that the court erred in excluding certain testimony of the witnesses Bradford and Orcutt, to the effect that they observed Mr. Griffith taking papers from the files of the Federal Power Commission and throwing them in the waste basket. The record discloses that Mr. Griffith was the chief clerk of the Federal Power Commission, while the appellee was the executive secretary thereof. Counsel for the appellee, when this testimony was offered, stated: "There is no evidence in this case that Mr. Griffith was in any way authorized by Bonner to abstract any letters or anything of that sort. I don't know what the answer to the question is, but certainly Mr. Bonner is not responsible for what Mr. Griffith does with the files." Thereupon the court excluded the testimony then offered, and subsequently excluded similar testimony when offered. The exclusion of the testimony as to what Mr. Griffith did was right. Nor does the admission of the testimony of Mr. Ramsay on cross-examination, referred to in the seventh assignment of error, constitute reversible error.

The judgment of the District Court is vacated, the verdict set aside, and the case stands for a new trial on plaintiff's damages only; the appellant recovers costs of appeal.

MORTON, Circuit Judge, concurs in the result.