80 U.S. 251
 20 L.Ed. 610
 13 Wall. 251
 UNITED STATES
v.
AVERY.
 December Term, 1871
 
 1
 ON certificate of division in opinion between the judges of the Circuit Court for the District of South Carolina:
 
 
 2
 Avery and others were indicted under the act of May 31st, 1870,[1] known as the Enforcement Act, for conspiracy, with intent to violate the first section of that act, by unlawfully hindering, preventing, and restraining divers males, citizens of the United States, of African descent, from exercising the right of voting; and the second count of the indictment after charging this offence further charged, under the 7th section of that act, that in the act of committing the offence aforesaid, they murdered one Jim Williams, 'contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of South Carolina.' The first count charged the conspiracy without the murder. The fourth count charged murder in the same manner as the second count.
 
 
 3
 The defendant's counsel moved to quash so much of the second and fourth counts as charged the murder, on the ground that the Circuit Court had no jurisdiction to try an offence against the State of South Carolina; and, thereupon the following question arose upon which the opinions of the judges were opposed:
 
 
 4
 'Whether the court has jurisdiction to inquire and find whether the crime of murder has been committed, as set forth and charged, in the latter portions of the second and fourth counts of said indictment, in order to ascertain the measure of punishment to be affixed to the offences against the United States, charged in the former portions of the said second and fourth counts.'
 
 
 5
 The question was accordingly certified to this court under the act of April 29th, 1802, which enacts that when a question shall occur before a Circuit Court upon which the opinions of the judges shall be opposed, the point may be certified to this court, and by it be finally decided.
 
 
 6
 Mr. Williams, Attorney-General, and Mr. C. H. Hill, Assistant Attorney-General, for the United States, on the case being called for argument, suggested that as the question certified arose on a motion to quash the indictment, the court could not, under the Judiciary Act of 1802, take cognizance of it, such motion being determinable by the court below as a matter of pure discretion; and cited United States v. Rosenburgh,[2] where it was held, according to the syllabus, that 'this court cannot take cognizance under the Judiciary Act of 1802, of a division of opinion between the judges of the Circuit Court upon a motion to quash an indictment.'
 
 
 7
 
 Messrs. Reverdy Johnson and H. Stanbery, contra:
 
 
 
 8
 When objection to the jurisdiction of the court to try the offence charged in an indictment is raised, it must then and there be passed upon, because it involves the authority of the court to proceed at all, and this principle applies as well to a motion to quash as to any other form of objection. A motion to quash is the proper mode of raising a question of jurisdiction, because if the objection be well taken, all proceedings in the case are coram non judice, and the objection should, therefore, be made at the earliest possible moment. And when the judges are divided in opinion upon the motion, the case cannot proceed until the question is decided, because it involves the right to proceed at all. This fact distinguishes the present case from United States v. Rosenburgh. The question there certified was whether the indictment charged an offence. The cases of United States v. Wilson, 3 United States v. Chicago,[4] and United States v. Reid & Clements of a case may be cognizable here, although arising on motions discretionary in their character.
 
 
 9
 Reply: Unless the court overrules United States v. Rosenburgh, in must refuse to take cognizance of this question. The ground for that decision was that 'the denial of the motion would not decide finally any right of the defendant.' That applies equally to a question of jurisdiction. In this case there is no division of opinion except as to parts of the second and fourth counts of the indictment. The court did not doubt its jurisdiction to try the defendants for conspiracy, and the trial might have proceeded if their motion had been denied (as it would have been as matter of course, had the judges been divided in opinion upon it), and the same question been again raised upon the offer of evidence to prove the fact of murder.
 
 
 10
 The CHIEF JUSTICE, on the following day, announced that a majority of the court were of opinion that the case must be ruled by United States v. Rosenburgh, and the case be
 
 
 11
 DISMISSED FOR WANT OF JURISDICTION.
 
 
 
 [1]
 16 Stat. at Large, 140.
 
 
 [2]
 7 Wallace, 580.
 
 
 [3]
 7 Peters, 150.
 
 
 [4]
 7 Howard, 190.
 
 
 [5]
 12 Id. 361.