SHORT v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 10, 1915.)

No. 4302.

1. CRIMINAL LAW ⟲⟶1048—APPEAL—RESERVATION OF GROUNDS OF REVIEW—NECESSITY OF EXCEPTIONS.

Assignments of error, not based upon rulings of the trial court duly excepted to, are unavailing.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2656, 2657, 2670; Dec. Dig. ⟲⟶1048.]

2. CRIMINAL LAW ⟲⟶901—MOTION FOR DIRECTED VERDICT—WAIVER.

Accused's request for a directed verdict at the close of the government's evidence was waived by introducing evidence after it was overruled.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2124; Dec. Dig. ⟲⟶901.]

3. CRIMINAL LAW ⟲⟶1169—APPEAL—REVIEW—ERRORS FAVORABLE TO APPELLANT.

There was no merit in an assignment of error complaining of the overruling of an objection to a question, where the answer was favorable to accused.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 754, 3088, 3130, 3137–3143; Dec. Dig. ⟲⟶1169.]

4. CRIMINAL LAW ⟲⟶404—EVIDENCE—COMPARISON OF HANDWRITING.

Under the express provisions of Act Feb. 26, 1913, c. 79, 37 Stat. 683 (Comp. St. 1913, § 1471), where the genuineness of accused's alleged handwriting was involved, a writing admitted by him to be in his handwriting was properly received for purposes of comparison.

[Ed. Note.—For other cases, see Criminal Law, §§ 873, 891–893, 1457; Dec. Dig. ⟲⟶404.]

In Error to the District Court of the United States for the District of Minnesota; Page Morris, Judge.

⟲⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

William Short was convicted of an offense, and he brings error. Affirmed.

Charles W. Scrutchin, of Bemidji, Minn., for plaintiff in error.

Alfred Jaques, U. S. Atty., and Egbert S. Oakley, Asst. U. S. Atty., both of Duluth, Minn., for the United States.

Before SANBORN and CARLAND, Circuit Judges, and AMIDON, District Judge.

CARLAND, Circuit Judge. [1] Plaintiff in error was convicted and sentenced for a violation of the White Slave Traffic Act (Act June 25, 1910, c. 395, 36 Stat. 825 [Comp. St. 1913, §§ 8812–8819]). Thirteen assignments of error appear in the record. Assignments of error, however, not based upon rulings of the trial court duly excepted to, are unavailing.

Counsel for plaintiff in error has grouped the errors relied upon as follows:

[2] First. Those that relate to the sufficiency of the evidence to justify the verdict. In regard to this assignment the record does not show that this question was in any way presented to the trial court for decision, except by a request for a directed verdict at the close of the evidence for the United States. This request was waived by proceeding to introduce evidence after it was overruled.

Second. Errors in the admission of evidence. Margie Reinke, a witness for the prosecution, was asked this question:

"Did you ever have any talk with the defendant, in which he stated that he had sent for her?" A. "Yes, sir." Q. "When was that?" A. "That was in July, when he sent for me."

Counsel for defendant moved to strike out the answer, the last part of it as not responsive to the question. The record shows no ruling upon this motion, nor any exception to the questions asked the witness by the court.

[3] Third. Hugh Taylor, another witness for the prosecution, was asked the following question:

"When you received from the defendant money to be transmitted by wire, did he sign his own name to the blank, such as this Exhibit 3?"

Counsel for defendant objected to the question as follows:

"That is objected to as leading; as calling for the conclusion of the witness; as immaterial, incompetent, and irrelevant."

The court overruled the objection and allowed an exception. The witness answered:

"He did not sign his name to this one."

As the answer to the question was favorable to the defendant, there is no merit in this assignment.

[4] Fourth. The defendant, when on the stand, was asked by counsel for the prosecution:

"What do you say now as to Government Exhibit 4½ being in your handwriting?" A. "That is my handwriting."

Counsel for prosecution offered in evidence Government Exhibit 4½, being the envelope which the witness has identified as being in his handwriting.

Counsel for defendant: "That is objected to as immaterial, incompetent, and irrelevant."

The Court: "It may be admitted for the purpose of comparison. It is admitted solely for the purpose of comparison with Government Exhibit 3."

Exhibit 4½ was not in evidence for any other purpose than comparison. Prior to February 26, 1913 (37 Stat. 683), the admission of the exhibit would have been error. On the date mentioned, however, Congress by the law referred to provided:

"In any proceeding before a court or judicial officer of the United States where the genuineness of the handwriting of any person may be involved, any admitted or proved handwriting of such person shall be competent evidence as a basis for comparison by witnesses, or by the jury, court, or officer conducting such proceeding, to prove or disprove such genuineness."

Fifth. Errors of court in making statements prejudicial to defendant in presence of jury. There was no objection made or exception taken to the remarks of the court of which complaint is made.

Sixth. Errors in charge of court. No objection or exception was taken to the charge, and the record fails to show that any requests to charge were made or refused.

Judgment below affirmed.