## GREER v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. February 24, 1917.)

No. 4719.

1. CRIMINAL LAW ⬅1170½(2)—APPEAL—HARMLESS ERROR.

In prosecution for carrying liquor into what was formerly the Indian Territory, in violation of Act March 1, 1895, c. 145, 28 Stat. 693, defendant, who testified that he was running a drug store therein and admitted without objection that he had been convicted of selling whisky, was not, in view of his denial, prejudiced by questions as to whether he had not been selling whisky at his drug store from the time it was started and whether he was not in the whisky business; the prosecution not attempting to rebut his denial.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §, 3130.]

2. CRIMINAL LAW ⬅695(4)—TRIAL—OBJECTIONS—SUFFICIENCY.

An objection to a question is properly overruled, when no ground is specified, or when the ground mentioned is so general as to be insufficient to direct attention to the particular defect or the objectionable feature relied upon.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1636.]

3. WITNESSES ⬅277(1)—CROSS-EXAMINATION OF ACCUSED.

As the rules of evidence are the same in civil and criminal cases, a defendant who takes the stand may be cross-examined upon his evidence in chief.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 979.]

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. INDIANS ⚖⇒38(1)—INTOXICATING LIQUORS—INDIAN COUNTRY—EVIDENCE.

In a prosecution under Act March 1, 1895, for carrying into what was formerly Indian Territory intoxicating liquors, evidence *held* sufficient to go to the jury.

[Ed. Note.—For other cases, see Indians, Cent. Dig. § 66.]

5. CRIMINAL LAW ⚖⇒776(1)—TRIAL—INSTRUCTIONS.

In a criminal prosecution, the denial of a requested instruction that defendant is presumed to be a person of good character is not error.

[Ed.' Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1838, 1844.]

Smith, Circuit Judge, dissenting in part.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

J. Knox Greer was convicted of carrying liquors into what was formerly Indian Territory from without the state of Oklahoma, in violation of Act March 1, 1895, and he brings error. Affirmed.

James C. Denton and Frank Lee, both of Muskogee, Okl., for plaintiff in error.

C. W. Miller, Sp. Asst. U. S. Atty., of Muskogee, Okl. (D. H. Linebaugh, U. S. Atty., and W. P. McGinnis, Sp. Asst. U. S. Atty., both of Muskogee, Okl., on the brief), for the United States.

Before HOOK and SMITH, Circuit Judges, and AMIDON, District Judge.

SMITH, Circuit Judge. The plaintiff in error was indicted charged with carrying liquors into what was formerly Indian Territory from without the state of Oklahoma in violation of the Act of Congress of March 1, 1895, 28 Stats. 693, 697. He was tried, convicted, and sentenced, and sued out a writ of error. He files three specifications of error:

"(1) Error of the court in permitting counsel representing the prosecution to propound to plaintiff in error the questions and answers set forth in assignments 3, 4, and 5.

"(2) Error of the court in overruling motion made by counsel for the plaintiff in error to instruct the jury to return a verdict of not guilty, which motion was made and so overruled after all the testimony on behalf of the government and the defendant had been introduced.

"(3) Error of the court in refusing to give in charge to the jury the instructions as requested in assignment of errors 7, 8, 9, 10, and 11."

[1] The defendant was a witness in his own behalf, and testified that at the time of the trial he was in the bus and baggage business in Oklahoma City, but at about the time of his arrest for this alleged crime he was in the drug business at Allen, Okl. On his cross-examination the following took place:

"Q. Did you have any business at Oilton? A. At Oilton; yes, sir. Q. What business were you engaged in up there? A. I have a house there—built a house there this summer. Q. The principal business you are engaged in up there is selling whisky, isn't it? A. No, sir.

"Mr. Lee: We object to that, and we take exception to the question.

"Mr. Linebaugh: I think counsel went into that, if the court please.

"The Court: He has answered it."

⚖⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

240 F.—21

The third assignment of error is to the propounding of this question:

"The principal business you are engaged in up there is selling whisky, isn't it?"

The cross-examination continued:

"Q. Now, you have been in the whisky business at Allen ever since you have been there, haven't you, Greer? A. No, sir. Q. Have you been convicted in the courts of Pontotoc county for whisky—selling whisky? A. Yes, sir. Q. Charges pending against you there now for selling whisky?

"Mr. Denton: Wait. We object, if the court please, as to any charges.

"The Court: Sustained.

"Q. You have been selling whisky at that drug store from the time you started it up to the present time?

"Mr. Denton: Wait.

"A. No, sir.

"Mr. Denton: Wait a minute. We object as incompetent, irrelevant, and immaterial, and not proper cross-examination.

"The Court: Overruled.

"Mr. Denton: The defendant excepts."

The fourth and fifth assignments of error are based upon the propounding of the question:

"You have been selling whisky at that drug store from the time you started it up to the present time?"

It would seem that when a defendant says he was running a drug store, and admits upon being questioned without objection that he had been convicted of selling whisky, he was not prejudiced by these questions, especially in view of the fact that he wholly denied the charge impliedly made by them, and no effort was made to rebut his testimony on that subject.

[2] There is no merit in the third assignment of error, because there was no proper objection. In Davidson S. S. Co. v. United States, 142 Fed. 315, 73 C. C. A. 425, this court said:

"It has been held by this court many times that a trial court is justified in overruling an objection to a question, or to the evidence sought to be elicited thereby, when no ground is specified, or when the ground mentioned is so general in form as to be insufficient to direct attention to the particular defect or objectionable feature relied on."

Judge Hook then cited numerous authorities to that effect from this court, but to have cited all the authorities to the same effect in other federal and in the state courts would have been impossible, for they are innumerable. This case went to the Supreme Court (Davidson S. S. Co. v. United States, 205 U. S. 187, 27 Sup. Ct. 480, 51 L. Ed. 764), but in that court this question was not even raised. Having answered this question without legal objection, it would follow that there was no merit in the fourth and fifth assignments.

[3] The defendant, claiming he was in a wholly legitimate business, that of handling a bus and baggage, practically admitted and apparently from the undisputed evidence had been in the drug business at Allen. The drug business is as legitimate as any known, but it is notorious that in the prohibited territory it is often conducted in connec-

tion with the illicit business in intoxicating liquors. He was charged with carrying liquor into Allen from without the state. If he was in fact selling whisky in his drug store, that made it necessary for him to receive it from some source. True, he might have bought it in what was formerly Indian Territory; but that would have been in violation of the constitutional provision of Oklahoma, enacted pursuant to the provisions of subdivision 2 of section 3 of the Enabling Act of Oklahoma (Act June 16, 1906, c. 3335, 34 Stats. 267, 269). The defendant had not only bought liquors in Indian Territory in violation of law, or had bought them without the state of Oklahoma and carried them into Indian Territory in violation of law, but had sold them and been convicted upon a plea of guilty. He claimed he had bought 17 quarts of whisky for his own consumption, and so testified in chief. On cross-examination this was sought to be shaken by showing that he had been selling liquors constantly in his store. In view of this thought he was on cross-examination asked the question as to whether he had been so selling them, and the court overruled a sufficiently specific objection. Before the objection could be made he answered the question, "No, sir." It is gravely doubtful whether under these circumstances the question was not admissible. He answered the question favorably to himself, and there was no effort to rebut his testimony. If this were a civil case, and the witness not a party, it is conceded the party in whose favor he answered it could not successfully assign the ruling as error. Short v. United States, 221 Fed. 248, 137 C. C. A. 104. In general, the rules of evidence in criminal and civil cases are the same. United States v. Gooding, 12 Wheat. 460, 467, 6 L. Ed. 693; Thompson v. Bowie, 4 Wall. 463, 472, 18 L. Ed. 423; Nudd v. Burrows' Assignee, 91 U. S. 426, 438, 23 L. Ed. 286. In Thompson v. Bowie, supra, the court quoted from Abbott, Justice, with approval:

"There is no difference * * * as to the rules of evidence between criminal and civil cases; what may be received in the one may be received in the other, and what is rejected in the one ought to be rejected in the other."

In Fitzpatrick v. United States, 178 U. S. 304, 315, 20 Sup. Ct. 944, 948 (44 L. Ed. 1078), the court said:

"Where an accused party waives his constitutional privilege of silence, takes the stand in his own behalf, and makes his own statement, it is clear that the prosecution has a right to cross-examine him upon such statement with the same latitude as would be exercised in the case of an ordinary witness, as to the circumstances connecting him with the alleged crime. While no inference of guilt can be drawn from his refusal to avail himself of the privilege of testifying, he has no right to set forth to the jury all the facts which tend in his favor without laying himself open to a cross-examination upon those facts. * * * Indeed, we know of no reason why an accused person, who takes the stand as a witness, should not be subject to cross-examination as other witnesses are."

In Sawyer v. United States, 202 U. S. 150, 165, 26 Sup. Ct. 575, 579 (50 L. Ed. 972, 6 Ann. Cas. 269), the Supreme Court said:

"It has been held in this court that a prisoner who takes the stand in his own behalf waives his constitutional privilege of silence, and that the prosecution has the right to cross-examine him upon his evidence in chief with the

same latitude as would be exercised in the case of an ordinary witness, as to the circumstances connecting him with the crime."

See Caminetti v. United States, 242 U. S. 470, 37 Sup. Ct. 192, 61 L. Ed. ——.

It is manifest that there is nothing in these assignments, in view of the clear and specific answers of the defendant of "No, sir."

In argument the plaintiff in error seems to rely upon the repetition of these questions as misconduct upon the part of the government's counsel. We shall not hesitate in a proper case to direct a new trial upon misconduct of the character suggested; but no objection on this ground was made in the court below, and it cannot be raised here for the first time, and especially in view of the doubt as to whether the evidence was not admissible, and of the answer of the defendant to the questions objected to and the failure to offer to rebut his answer, and the subject will not be further considered here.

[4] Passing, now, to the second specification of errors, which is based upon the overruling of the motion to instruct the jury to return a verdict of not guilty, the evidence showed that on the day in question the defendant got upon the train of the Missouri, Oklahoma & Gulf Railroad at Denison, Tex., ticketed to Allen, Okl.; that he carried a couple of suit cases; that he got off the train at Allen and was immediately arrested; the suit cases were taken to his store at Allen and opened; that one contained 12 quarts of whisky and the other 10 pints of whisky. It is true the defendant testified that the two suit cases with which he got on the train at Denison were not the same two with which he got off at Allen; that one of those he put on the train at Denison he put on for an unnamed lady and left it in her custody; that he bought this whisky at Tupelo, on the way from Denison to Allen, of a man named "Red," whose surname he understood was Phillips, with whom he had an arrangement to deliver the whisky through an intermediary of unknown name. This explanation by the defendant was for the jury to consider, and it evidently determined that it was not true. In the absence of this evidence, there was certainly abundance of evidence to justify a verdict for the United States, and we are satisfied the court had no right to assume that the defendant's evidence so overcame the evidence of the United States as to justify a directed verdict.

[5] Turning, now, to the last specification of error, we shall consider only the fourth instruction asked:

"You are instructed that the defendant is presumed to be a person of good character."

In Chambliss v. United States, 218 Fed. 154, 132 C. C. A. 112, the writer of this opinion said in effect that this instruction should have been given. The same court that sat in Chambliss v. United States sat in the case of Price v. United States, 218 Fed. 149, 132 C. C. A. 1, L. R. A. 1915D, 1070. The latter case was decided three days after the Chambliss Case, and the majority of the court held that there is no presumption that the character of the defendant in a criminal case is good. The writer, in concurring in the Price Case, said:

"My views of the subject considered in the foregoing opinion are quite fully expressed in Chambliss v. United States of America, infra [218 Fed. 154], 132 C. C. A. 112, and I simply concur in the result in the foregoing opinion."

This amounted to a dissent from the opinion in the Price Case, and to that dissent I still adhere, with all possible respect to my associates on the court. I think this case should therefore be reversed upon this question, but the majority of the court are still of the opinion that the case of Price v. United States, 218 Fed. 149, 132 C. C. A. 1, L. R. A. 1915D, 1070, correctly announces the law, and this point will therefore have to be overruled.

The case is affirmed.