### DE MOSS et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. February 28, 1918.)

#### No. 5011.

1. STATES ⬅5—DISCRIMINATION BETWEEN STATES—INTRODUCTION OF LIQUOR INTO INDIAN TERRITORY—STATUTES.

Act March 1, 1895, c. 145, 28 Stat. 693, forbidding the introduction of intoxicating liquor into Indian Territory, as limited to interstate commerce by the Oklahoma Enabling Act, is not unconstitutional, as discriminating between the states in respect of trade and commerce in intoxicating liquors.

2. CRIMINAL LAW ⬅1169(10)—APPEAL—HARMLESS ERROR.

In a prosecution for introducing intoxicating liquor into that part of Oklahoma which was formerly Indian Territory, in violation of Act March 1, 1895, c. 145, where the connection of defendants with the purchase and shipment of the liquor was clearly and indisputably shown, and it was proven without contradiction that one of the defendants gave his check on an Oklahoma bank in payment for the liquor, the admission of oral testimony as to the amount of the check and the bank on which it was drawn was harmless.

3. CRIMINAL LAW ⬅560—EVIDENCE—SUFFICIENCY.

Proof of a fact, even in a criminal case, need not be made beyond every possibility of mistake, and evidence is to be taken in a practical, reasonable way, and regard given to well-known, settled methods of business.

4. CRIMINAL LAW ⬅309—PRESUMPTIONS—GOOD CHARACTER.

In a criminal prosecution, there is no presumption of good character of the accused.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Edgar M. De Moss and another were convicted of introducing intoxicating liquor from outside the state of Oklahoma into that part of the state which was formerly Indian Territory, in violation of Act March 1, 1895, c. 145, and they bring error. Affirmed.

Frank Lee, of Muskogee, Okl. (J. C. Denton, of Muskogee, Okl., on the brief), for plaintiffs in error.

Paul Pinson, Sp. Asst. U. S. Atty., of Muskogee, Okl. (W. P. Mc-

Ginnis, U. S. Atty., of Muskogee, Okl., on the brief), for the United States.

Before HOOK, CARLAND, and STONE, Circuit Judges.

HOOK, Circuit Judge. De Moss and Moore complain of a conviction and sentences for introducing intoxicating liquor from outside the state of Oklahoma into that part of the state which was formerly Indian Territory, in violation of the Act of March 1, 1895, 28 Stat. 693. A large amount of whisky was purchased of a dealer in Kansas City, Mo., put in empty lime barrels, and shipped by railroad to Tulsa, Okl., where it was seized by public officers.

[1] It is urged that the act of 1895, as limited to interstate commerce by the Oklahoma Enabling Act, is unconstitutional, because it discriminates between the states in respect of trade and commerce in intoxicating liquors. A like contention was made in Creekmore v. United States, 150 C. C. A. 497, 237 Fed. 743, 755, L. R. A. 1917C, 845. It is answered in Joplin Mercantile Co. v. United States, 236 U. S. 531, 542, 35 Sup. Ct. 291, 59 L. Ed. 705.

[2] Complaint is also made of the admission of oral testimony as to the amount of a check given by De Moss in payment for the liquor and the name of the bank on which it was drawn, the check not being produced or its absence adequately excused. The connection of both De Moss and Moore with the purchase and shipment of the liquor was otherwise shown so clearly and indisputably that the testimony in question, even if incompetent, could have caused no prejudice. It was proved without contradiction that De Moss gave his check for the liquor bought at Kansas City, that when it reached the bank at Tulsa it was not paid at once for lack of funds, that Moore arranged with the bank to hold it until a deposit was made to cover it, and that it was finally paid and charged to the account of De Moss. The precise amount of the check was not important, though even that was shown by other testimony without objection or contradiction.

[3] It is also claimed that the identity of the liquor bought and put in a car at Kansas City with the liquor seized at Tulsa was not proved. We think it was, though the government was much hampered in tracing the car by objections which we do not regard as sound. Proof of a fact, even in a criminal case, need not be made beyond every possibility of mistake. Evidence is to be taken in a practical, reasonable way, and regard given to well-known, settled methods of business.

[4] The trial court refused to instruct the jury that the accused were presumed to be persons of good character and that the presumption should be considered in determining their guilt or innocence. There was no evidence upon the subject. We have held several times that in a trial for crime there is no presumption of good character of the accused. Chambliss v. United States, 132 C. C. A. 112, 218 Fed. 154; Price v. United States, 132 C. C. A. 1, 218 Fed. 149, L. R. A. 1915D, 1070; Greer v. United States, 153 C. C. A. 246, 240 Fed. 320. The last case went to the Supreme Court by certiorari and was recently affirmed. Greer v. United States, 245 U. S. 559, 38 Sup. Ct. 209, 62 L. Ed. —— (January 28, 1918).

The complaints of the refusal to give an instruction asked on the necessity of corroboration of the testimony of an accomplice and of the charge that was given on that subject are too clearly without foundation to merit discussion.

The sentences are affirmed.