## HOSKINS v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit.
March 30, 1925.)

No. 6566.

1. Criminal law ⬅︎1129(3)—Assignment of error that court erred in admitting incompetent, irrelevant, immaterial, and prejudicial evidence held insufficient.

Assignment of error that court erred in admitting incompetent, irrelevant, immaterial, and prejudicial evidence over objections *held* insufficient, under rule 11 of the Circuit Court of Appeals, requiring substance of evidence to be set out.

2. Criminal law ⬅︎1159(2)—Assignment of error that verdict is not sustained by sufficient evidence presents nothing for review.

Assignment of error that verdict is not sustained by sufficient evidence presents nothing for review to Circuit Court of Appeals, only question so reviewable being whether verdict is supported by substantial evidence, and court cannot consider preponderance of evidence.

3. Criminal law ⬅︎1028—Questions not presented to nor ruled on by trial court are not reviewable by Circuit Court of Appeals.

Questions not presented to nor ruled on by trial court are not reviewable by Circuit Court of Appeals.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Richard Hoskins was convicted of violating the Anti-Narcotic Act, and he brings error. Case dismissed.

Lewis R. Morris and David Tant, both of Oklahoma City, Okl., for plaintiff in error.

Before SANBORN, Circuit Judge, and TRIEBER and PHILLIPS, District Judges.

SANBORN, Circuit Judge. This writ of error invokes a review of the trial and sentence to the penitentiary of the defendant below for 18 months for violations of the Anti-Narcotic Act. U. S. Compiled Statutes, §§ 6287g–6287q. The sentence was imposed on June 30, 1923. Rule 24 of this court requires the plaintiff in error to file his brief 40 days before the case is called for argument. He failed so to do, and the United States made a motion to dismiss the case (1) on account of such failure; and (2) because the record presents no question reviewable by this court. In reply to this motion counsel for the plaintiff in error have submitted to the court their brief, a notice that the plaintiff in error has been ill with typhoid fever, and on account of his poverty has been unable to advance the costs necessary to print and file his brief within the time prescribed by the rule, and that his writ of error was not sued out for purposes of delay, but that substantial justice might be done.

In order that no injustice may be done to the plaintiff in error his counsel's brief, the testimony and evidence in the case, the rulings of the court, its charge, and the other proceedings in this case have been carefully examined, and they have satisfied us that the record presents no question reviewable in this court, a decision of which would be of any benefit to him. Rule 11 of this court requires the plaintiff in error to file with the clerk of the trial court an assignment of errors, which should set out separately each error asserted and intended to be urged, and that rule declares that errors not assigned according to it will be disregarded. The only errors assigned are:

First. "That the court erred in overruling the demurrer of the defendant to the indictment in this cause." But the record discloses no demurrer.

[1] Second. "Because the court in admitting, over the objection of the defendant, incompetent, irrelevant, immaterial, and prejudicial evidence offered by the government against the defendant, to which the defendant there excepted." But rule 11 requires that, when the error alleged is to the admission or the rejection of evidence, the assignment of errors shall quote the full substance of the evidence admitted or rejected, and this assignment neither quotes the substance of the evidence, nor does it refer to the pages or folios of the bill of exceptions at which that objected to can be found.

[2] Third. "Because the verdict is not sustained by sufficient evidence." But that is not a question reviewable by this court. The only question that is so reviewable is whether or not there is any substantial evidence to sustain the verdict, and we are satisfied that there is.

Fourth. "Because the verdict is contrary to the evidence and the court's instructions." But there is substantial evidence to sustain the verdict. This court cannot consider the question of the preponderance of the evidence, and the verdict is in accord with the instructions of the court.

[3] Fifth. "Because there is a substantial variance between the proof and the indictment." But the record does not disclose the fact that this question was ever presented to or ruled upon by the court below, and

it is only errors of the court below that are reviewable in this court.

For these reasons, the motion of counsel for the United States to dismiss the case must be granted; and it is so ordered.