## UNITED STATES v. TAIT.

(District Court, S. D. Alabama, S. D.    July 30, 1925.)

No. 5890.

1. **Criminal law ⚖==304(6)—Court takes judicial notice that Camden is in Northern division of Southern district of Alabama.**

Court takes judicial notice that Camden is in Northern division of Southern district of Alabama.

2. **Indictment and information ⚖==6 — Indictment charging forgery committed in Northern division by grand jury selected from Southern division of district held bad.**

In indictment for forgery under Criminal Code, § 148 (Comp. St. § 10318), found by grand jury selected from Southern division of Southern district of Alabama and sworn to inquire into crimes in such division of such district, count charging that offense was committed in Northern division is bad.

3. **Criminal law ⚖==100(2)—Remitting indictment to division of district other than that division in which offense was committed and in which indictment was returned held improper.**

Although count of indictment for uttering forged instrument under Criminal Code, § 151 (Comp. St. § 10321), was good, where it charged offense committed in Southern division of Southern district of Alabama, and was returned to court sitting therein, remitting it to Northern division for arraignment and trial there would be improper.

Frank S. Tait, alias F. S. Tait, was prosecuted for forgery, and uttering a forged instrument. On motion to quash indictment. Motion sustained.

Joseph W. John, Asst. U. S. Atty., of Mobile, Ala.

Pillans, Cowley & Gresham, of Mobile, Ala., and A. D. Pitts, of Selma, Ala., for defendant.

HOLMES, District Judge. The indictment in this case was presented into the District Court of the United States for the Southern Division of the Southern District of Alabama by a grand jury duly selected, impaneled, and sworn in and for the Southern division of said district. It is in two counts; the first charging forgery, in violation of section 148 of the Criminal Code (Comp. St. § 10318), and the second uttering said forged instrument, in violation of section 151 of said Code (Comp. St. § 10321). The first count alleges that the forgery was committed at Camden, Ala., "within the district aforesaid, and within the jurisdiction of this court."

[1] The court takes judicial knowledge of the fact that Camden is situated in the Northern division of the Southern district. The second count lays the venue of the alleged crime of uttering the said forged instrument within the Southern division of said Southern district. The district attorney, without offering to nolle prosequi either one of the courts, was seeking to arraign the defendant and bring him to trial on the indictment at Selma, in the Northern division of the Southern district, when the defendant interposed this motion to quash the indictment.

[2] The first count of the indictment is bad, because it charges an offense committed in the Northern division by a grand jury selected from the Southern division, which was duly impaneled and sworn to inquire into criminal violations committed only "in and for the Southern division of the Southern district of Alabama." This is not a case (like Salinger v. Loisel, 265 U. S. 224, 44 S. Ct. 519, 68 L. Ed. 989, and others therein cited) where the grand jury was selected from the district at large, and charged with the duty of presenting indictments from the entire district. Here the indictment shows on its face that the grand jury was limited in its investigation to the Southern division. Consequently it was without power to present an indictment for an offense committed in the Northern division.

[3] The second count is good on its face, but, as it charges an offense committed in the Southern division, and was returned to the court sitting in that division, it is clearly improper to remit it to the Northern division for arraignment and trial there of the defendant upon it.

In these circumstances, the motion to quash the indictment should be sustained.