## HILL v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. October 9, 1926.)

No. 7108.

1. Criminal law ⟨⟐⟩1032(1).

Alleged error in overruling motion to quash indictment *held* not properly before Circuit Court of Appeals, in absence of exception to ruling.

2. Criminal law ⟨⟐⟩1149—Indictment and information ⟨⟐⟩136.

Motion to quash indictment is addressed to discretion of trial court, and will not ordinarily be reviewed.

3. Indictment and information ⟨⟐⟩6.

Grand jury summoned and impaneled in Eastern division of Eastern district of Arkansas *held* impaneled for entire district and authorized to indict for offense committed in Western division, under Judicial Code, § 53 (Comp. St. § 1035).

4. Indictment and information ⟨⟐⟩6.

Under Judicial Code, § 53 (Comp. St. § 1035) grand jury impaneled in one division for entire district may indict for crime committed in another division of same district.

5. Criminal law ⟨⟐⟩1186(4).

That indictment for offense committed in one division of district was found by grand jury impaneled for whole district in another division *held* not prejudicial, nor ground for reversal, in view of Judicial Code, § 269, as amended by Act Cong. Feb. 26, 1919 (Comp. St. § 1246), and Rev. St. § 1025 (Comp. St. § 1691).

6. Criminal law ⟨⟐⟩308.

Indictment is not evidence against defendant.

In Error to the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Chester O. Hill was convicted of a crime, and he brings error. Affirmed.

June P. Wooten, of Little Rock, Ark. (J. E. Chambers and Wilson & Majors, all of Danville, Ark., and Hays, Priddy & Rorex, of Russellville, Ark., on the brief), for plaintiff in error.

Charles F. Cole, U. S. Atty., of Batesville, Ark., for the United States.

Before KENYON and VAN VALKENBURGH, Circuit Judges, and JOHN B. SANBORN, District Judge.

JOHN B. SANBORN, District Judge. The plaintiff in error—defendant in the court below, and who will be so referred to in this opinion—was indicted by a grand jury sitting in the Eastern division of the Eastern district of Arkansas, for a crime committed in the Western division. The case was transferred for trial to the Western division, the court denied a motion to quash the indictment, and thereafter the defendant was tried, convicted, and sentenced by the court sitting in that division.

Only one assignment of error is relied upon, and that is that the court erred in overruling the defendant's motion to quash the indictment. The defendant contends that the grand jury was impaneled and sworn "as the grand inquest of the United States for the Eastern division of the Eastern district of Arkansas"; that its members were drawn exclusively from the Eastern division, and that therefore its jurisdiction was limited to crimes committed in that division alone.

[1] The first matter to be considered is whether the question presented is properly before this court for review. No exception was taken by the defendant to the ruling of the court denying the motion to quash.

[2] A motion to quash an indictment is addressed to the discretion of the court, and will ordinarily not be reviewed in an appellate court. In the case of United States v. Rosenburgh, 74 U. S. (7 Wall.) 580, 19 L. Ed. 263, the court said:

"The motion to quash, upon which the question now before us arose, was clearly determinable as a matter of discretion. It was

preliminary in its character, and the denial of the motion could not finally decide any right of the defendant. The rule laid down by the elementary writers is, that 'a motion to quash is addressed to the sound discretion of the court, and if refused, is not a proper subject of exception.' When made in behalf of defendants, it is usually refused, unless in the clearest cases, and the grounds of it are left to be availed of, if available, upon demurrer or motion in arrest of judgment."

The same view is expressed in United States v. Avery, 13 Wall. 251, 20 L. Ed. 610; United States v. Hamilton, 109 U. S. 63, 3 S. Ct. 9, 27 L. Ed. 857; Logan v. United States, 144 U. S. 263, 282, 12 S. Ct. 617, 36 L. Ed. 429; Durland v. United States, 161 U. S. 306, 314, 16 S. Ct. 508, 40 L. Ed. 709; McGregor v. United States, 134 F. 187, 69 C. C. A. 477; Goodfriend v. United States (C. C. A.) 294 F. 148; Lewis v. United States (C. C. A.) 295 F. 441; Carlisle v. United States, 194 F. 827, 114 C. C. A. 531. In the last case, which was decided by the Circuit Court of Appeals of the Fourth Circuit, the following language appears in the opinion:

"A motion to quash an indictment is addressed to the discretion of the court, and will not be reviewed in an appellate court, save only in cases where there has been such failure to properly exercise the judicial discretion as to cause real injustice."

To the same effect is the case of Stewart v. United States, 300 F. 769, an opinion of this court.

Even though it were held that the denial of the motion to quash the indictment in this case was such an abuse of discretion by the trial court that the question would be reviewed here, nevertheless it would not be properly before us, because no exception was taken to the ruling. Carlisle v. United States, supra; Edwards v. United States, 7 F.(2d) 357, a decision by this court, in which the following language appeared:

"None of the assignments of error raise questions based on rulings of the trial court duly excepted to. This court has repeatedly held that such assignments are unavailing. Short v. United States, 221 F. 248, 137 C. C. A. 104; Hoskins v. United States (C. C. A.) 4 F.(2d) 804; Feinberg v. United States (C. C. A.) 2 F.(2d) 955."

[3, 4] However, it may as well be said that, while the question is not free from doubt, and while the method used in drawing and impaneling the grand jury which returned this indictment is not to be commended and ought not to be followed, we see no reason to depart from the conclusion reached by this court in the case of Shaw v. United States, 1 F.(2d) 199. It is and must be conceded that, under section 53 of the Judicial Code (Comp. St. § 1035), an indictment may be found in one division of a district for a crime committed in another division of the same district, provided the grand jury is impaneled for the entire district. Rosencrans v. United States, 165 U. S. 257, 17 S. Ct. 302, 41 L. Ed. 708; Salinger v. Loisel, 265 U. S. 224, 44 S. Ct. 519, 68 L. Ed. 989; Biggerstaff v. United States (C. C. A.) 260 F. 926; Shaw v. United States, supra.

The record in this case shows that the venire for this grand jury required that the members be summoned to come before "our District Court of the United States for the Eastern Division of the Eastern District of Arkansas, at the March term, A. D. 1925, thereof on Tuesday, the 10th day of March, 1925, at 11 o'clock in the forenoon of said day, at the United States District Court room in the city of Helena, Arkansas, as the grand inquest of the United States for the *Eastern district of Arkansas.*" It was sworn and impaneled as "the grand inquest of the United States for the Eastern division of the Eastern district of Arkansas for the March term, 1925." The indictment in question, after reciting the venue as "United States of America, Eastern district of Arkansas," is entitled, "In the District Court of the United States, in and for the Eastern district aforesaid." This grand jury was not limited, in any way, to the consideration of crimes committed within the Eastern division alone, unless that limitation can be spelled from those portions of the record just referred to. We think it is apparent that this grand jury was summoned and impaneled in the manner usual in the Eastern district of Arkansas, and was regarded as the inquest for the investigation of crimes and offenses in that district as a whole. In one sense, it was the grand inquest for the division, because court was sitting in that division and the grand jurors were in attendance upon that term of court. To construe the statement in the order impaneling the jury that it was sworn as an inquest for the Eastern division, as limiting its powers to consideration of crimes committed in that division, would not be justified. The fact that the grand jurors themselves were drawn from counties in the Eastern division alone cannot affect the validity of the indictment. They were all competent to serve upon a grand jury for the entire district.

The defendant cites the cases of United

States v. Beaugh (D. C.) 2 F.(2d) 378, and United States v. Tait (D. C.) 6 F.(2d) 942, in support of his contentions. In the first of those cases, it appears that the grand jury was selected and sworn to inquire for the division in which it was sitting alone. In the second case, the court said: "Here the indictment shows on its face that the grand jury was limited in its investigation to the Southern division." In this case it does not appear that the grand jury was limited to the consideration of crimes committed in the Eastern division.

That portion of the opinion of Judge Faris in the case of Shaw v. United States, supra, which states that some reliance may be placed upon the amended statute of jeofails, section 1025, Revised Statutes (Comp. St. § 1691), which provides that: "No indictment found and presented by a grand jury in any district (or circuit) or other court of the United States shall be deemed insufficient, * * * by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant" is criticised because of the decision of the Supreme Court of the United States in Crowley v. United States, 194 U. S. 461, 24 S. Ct. 731, 48 L. Ed. 1075, which held that the disqualification of a grand jury prescribed by statute is a matter of substance which can not be regarded as a mere defect or imperfection within the meaning of section 1025, Revised Statutes.

[5] Attention may well be called to section 269 of the Judicial Code, as amended (40 Stat. p. 1181, c. 48 [Comp. St. § 1246]), which is much broader than section 1025, Revised Statutes. It provides: "On the hearing of any appeal, certiorari, writ of error, or motion for a new trial, in any case, civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties."

[6] The defendant could not have been prejudiced by the manner in which the grand jury was impaneled and sworn. The members would have less acquaintance with the case and less room for bias or prejudice than those who might have been drawn from the vicinity in which the crime was claimed to have been committed. The indictment was not evidence. It was a mere formal charge upon which the defendant was brought to trial, and had no bearing whatever upon the merits of the controversy.

For the foregoing reasons, the judgment and sentence is affirmed.