**UNITED STATES of America, Appellee,**

v.

**Keith A. BRINK, Appellant.**

**No. 80–1754.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 17, 1980.

Decided May 12, 1981.

---

Grant & MacPherson by Donald W. MacPherson, John M. McKindles (argued), Phoenix, Ariz., for appellant.

Robert D. Kingsland, U. S. Atty., Evelyn M. Baker, Asst. U. S. Atty. (argued), St. Louis, Mo., for appellee.

Before LAY, Chief Judge, HENLEY, Circuit Judge, and HARRIS, District Judge.[*]

HENLEY, Circuit Judge.

Appellant, Keith A. Brink, was convicted on two counts of willful failure to file a tax return, in violation of I.R.C. § 7203, and two counts of willfully supplying a false and fraudulent withholding exemption certificate, in violation of I.R.C. § 7205.[1] On appeal Brink contends that the district court[2] erred in denying his motions for dismissal on grounds of (1) abuse of the grand jury process and (2) selective prosecution. We affirm the judgment of the district court.

Appellant's principal contention is that the prosecution abused the grand jury process by obtaining evidence through grand jury subpoenas and retaining and using such evidence. After IRS administrative procedures failed to persuade appellant to file the necessary returns for taxable years 1976 and 1977, a federal grand jury began an investigation. Brink was subpoenaed to testify before the grand jury on March 12, 1980. He testified but refused to supply handwriting exemplars. On March 26, 1980 he appeared before the district court and was ordered to submit the exemplars. At that hearing the Assistant United States Attorney (AUSA), aware that the limitations period on two of the counts was about to expire, informed the district court that it was possible that charges would be filed by information.

---

[*] The Honorable Oren Harris, United States Senior District Judge, Eastern and Western Districts of Arkansas, sitting by designation.

[1] Brink was sentenced to an aggregate term of imprisonment of two years, and a total fine of $10,000.00 was imposed.

[2] The Honorable James H. Meredith, United States Senior District Judge, Eastern District of Missouri.

On April 7, 1980 four grand jury subpoenas were issued, upon request of the AUSA, to former employers of Brink. The subpoenas requested production of documents relating to Brink's employment, i. e., a contract and several W–4 forms.[3] The subpoenas were served between April 8 and April 23. The original documents obtained were turned over to IRS Special Agent Howard Brooks who was assisting with the investigation of Brink.

Believing that a grand jury indictment would not be timely returned, the AUSA filed a four-count information on April 23, 1980. Brink was arraigned and trial was set for July 14, 1980. On June 20, 1980 the United States moved for disclosure of the handwriting exemplars pursuant to Fed.R. Crim.P. 6(e), or in the alternative for new exemplars. The district court ordered Brink to submit new exemplars. On June 30, 1980 the United States delivered the exemplars to an IRS handwriting expert in Chicago. The W–4 forms obtained by grand jury subpoenas and other documents were forwarded with the exemplars for handwriting analysis. After the expert prepared his report, the documents were returned to the employers.

■ We first consider appellant's attack on the original issuance of the grand jury subpoenas. Brink would interpret the AUSA's comment of March 26 as evidence that a decision to abort the grand jury investigation had already been made. He contends that the subsequent issuance of grand jury subpoenas was improper.

Appellant's claim is without merit. Consistent with his knowledge that the limitations period was about to expire, the AUSA notified the district court that the United States might proceed by information. The AUSA continued to assist the grand jury in obtaining relevant documents, until it became obvious that a grand jury indictment could not be timely filed. There is no evidence in the record to support the contention that the AUSA or Agent Brooks acted in bad faith in requesting the subpoenas, *see United States v. Aronson,* 319 F.2d 48, 52 (2d Cir.), *cert. denied,* 375 U.S. 920, 84 S.Ct. 264, 11 L.Ed.2d 164 (1963), nor is there any basis to conclude that the prosecutor used the subpoenas to conduct a personal inquisition, *see In re Melvin,* 546 F.2d 1, 4–5 (1st Cir. 1976); *Durbin v. United States,* 221 F.2d 520, 522 (D.C.Cir.1954). We find the issuance of the subpoenas was not improper.

Appellant contends that even if the documents were validly obtained by grand jury subpoenas, their retention and use by the government was impermissible. First, Brink argues that he was prejudiced by the introduction at trial of original documents improperly retained by the government. Our independent review of the entire record, including the trial exhibits, reveals, however, that the documents used at trial were obtained by valid trial subpoenas issued pursuant to Fed.R.Crim.P. 17(c), and not by grand jury subpoenas.

■ Second, Brink claims that the district court erred in admitting the report of the handwriting expert prepared in part from documents obtained by grand jury subpoenas. The government could have moved pursuant to Rule 6(e) for disclosure of the documents to the IRS for handwriting analysis. *See United States v. Thomas,* 593 F.2d 615, 623 (5th Cir.), *modified on other grounds on rehearing,* 604 F.2d 450 (5th Cir. 1979), *cert. denied,* —— U.S. ——, 101 S.Ct. 120, 66 L.Ed.2d 48 (1981). *See also United States v. Universal Mfg. Co.,* 525 F.2d 808, 811–13 (8th Cir. 1975). Alternatively, the government could have obtained the documents for trial preparation by motion under Rule 17(c). Nevertheless, by inadvertence or mistake, the documents were retained and disclosed without express authorization from the district court.

Assuming, *arguendo,* that Brink has standing to contest use of the documents,[4]

---

**3.** We will refer to withholding allowance certificates (forms W–4) and exemption from withholding certificates (forms W–4E) collectively as "W–4 forms."

**4.** The United States argued before the district court and urges here that appellant lacks standing to contest the use of documents owned and supplied by third parties. We have

we conclude that the error, if any, in admitting the expert's report was harmless beyond a reasonable doubt. Other evidence submitted to the jury provided an adequate basis for finding that appellant signed the allegedly false W–4 forms. A representative of Global Graphics, one of Brink's former employers, testified that she was familiar with Brink's signature and that the 1976 W–4 shown to her was signed by Brink. A number of letters concededly written and signed by Brink were also in evidence. All these documents were properly authenticated under Fed.R.Evid. 901, and were available for comparison with the 1977 W–4 forms in question. *See United States v. Mangan*, 575 F.2d 32, 41–42 (2d Cir.), *cert. denied*, 439 U.S. 931, 99 S.Ct. 320, 58 L.Ed.2d 324 (1978). In addition, we note that although Brink testified about the W–4 forms he never denied having signed and filed them.

Based upon the untainted evidence the jury was free to draw its own conclusion about the authenticity of the signatures on the withholding certificates. 28 U.S.C. § 1731.[5] *See United States v. American Radiator & Standard Sanitary Corp.*, 433 F.2d 174, 192–93 (3d Cir. 1970), *cert. denied*, 401 U.S. 948, 91 S.Ct. 928, 28 L.Ed.2d 231 (1971); *Miller v. United States*, 410 F.2d 1290, 1296 (8th Cir.), *cert. denied*, 396 U.S. 830, 90 S.Ct. 81, 24 L.Ed.2d 80 (1969); *Strauss v. United States*, 311 F.2d 926, 932 (5th Cir.), *cert. denied*, 373 U.S. 910, 83 S.Ct. 1299, 10 L.Ed.2d 412 (1963). *See also Short v. United States*, 221 F. 248, 249–50 (8th Cir. 1915). The jury's conclusion that appellant signed his name to the W–4 forms is also supported by the statutory presumption of the genuineness of signatures on tax documents. I.R.C. § 6064. *See United States v. Ponder*, 444 F.2d 816, 822 (5th Cir. 1971), *cert. denied*, 405 U.S. 918, 92 S.Ct. 944, 30 L.Ed.2d 788 (1972); *United States v. Cashio*, 420 F.2d 1132, 1135 (5th Cir. 1969), *cert. denied*, 397 U.S. 1007, 90 S.Ct. 1234, 25 L.Ed.2d 420 (1970).

Although we do not condone the prosecutor's failure to obtain court authorization to retain or disclose grand jury documents, in the present case there was no prejudicial error. The record contains admissible evidence more than sufficient to support the jury's conclusion that Brink signed the false withholding certificates.

■ Brink also claims that the district court erred in denying his motion to dismiss for selective prosecution. To establish a prima facie case of selective prosecution appellant must establish: (1) discriminatory selection for prosecution based on (2) an impermissible ground such as race, religion, or exercise of first amendment rights. *United States v. Larson*, 612 F.2d 1301, 1304–05 (8th Cir.), *cert. denied*, 446 U.S. 936, 100 S.Ct. 2154, 64 L.Ed.2d 789 (1980); *United States v. Catlett*, 584 F.2d 864, 866 (8th Cir. 1978).

Appellant contends that he was singled out for prosecution as a result of his good faith exercise of his right to free speech. In particular, Brink alleges that as a result of correspondence with the IRS he was unfairly labeled a tax protestor and prosecuted, while others who failed to pay taxes were not prosecuted. The record shows that Brink's claim is meritless. The IRS investigation had its origin in Brink's fail-

---

doubt that appellant has standing to contend that his fourth amendment rights were violated. *United States v. Miller*, 425 U.S. 435, 440–46, 96 S.Ct. 1619, 1622–25, 48 L.Ed.2d 71 (1976). Similarly, Brink cannot contend that his fifth amendment privilege against self-incrimination was infringed. *Fisher v. United States*, 425 U.S. 391, 400–01, 96 S.Ct. 1569, 1575–76, 48 L.Ed.2d 39 (1976). Appellant may have standing, however, to assert that his right to due process was violated or that the grand jury process was abused. *See In re Magnus, Mabee & Reynard, Inc.*, 311 F.2d 12, 18–19 (2d Cir. 1962) (Lumbard, J., concurring), *cert. denied*, 373 U.S. 902, 83 S.Ct. 1289, 10 L.Ed.2d 198 (1963).

5. The admitted or proved handwriting of any person shall be admissible, for purposes of comparison, to determine genuineness of other handwriting attributed to such person. 28 U.S.C. § 1731.

ure to respond to two computer-generated letters regarding his Individual Retirement Account. Because he refused to cooperate at the early stages of the inquiry, the matter was referred to a special IRS investigator. Brink continued to refuse to answer routine inquiries. The investigation eventually revealed that Brink had failed to file tax returns and had supplied false withholding exemption certificates. Brink's prosecution was based on these violations of the tax laws and was not the result of his letter writing campaign initiated after the IRS investigation had begun.[6] Appellant has failed to establish either element of a prima facie case of selective prosecution and his claim must fail.[7]

After a careful review of the briefs and record, we find appellant's claims to be without merit.[8] The judgment is affirmed.

---

6. Brink wrote scores of letters to the IRS and other government officials asking questions about the application of the tax laws, e. g., "Are wages income?"

7. Because appellant has failed to allege facts sufficient to establish a prima facie case of selective prosecution, his claim that the district court erred in denying his motions for discovery of government documents must also fail. *See United States v. Catlett*, 584 F.2d 864, 866–68 (8th Cir. 1978).

8. Appellant also claims that there was insufficient evidence for the jury to find that he acted willfully. We note that evidence of Brink's prior filing and tax paying history and IRS attempts to explain the legal requirements to him are sufficient to sustain the jury's finding that he was aware of the obligations imposed by the tax laws and intentionally did not comply with them. *See United States v. Francisco*, 614 F.2d 617, 618 (8th Cir.), *cert. denied*, 446 U.S. 922, 100 S.Ct. 1861, 64 L.Ed.2d 278 (1980).

Brink raises other allegations of error, including alleged defects in jury instructions, admission of prejudicial evidence, and rulings on objections to testimony. These claims are meritless and we do not discuss them further.